WILLIAM E. EDGAR, Administrator, v. STEPHEN E. EMERSON et al.; ARTHUR HUFF, Administrator, Plaintiff in Error.

Division One, July 1, 1911.

1. PARTIES: Administrator: Record Showing. Although there is no order of court shown in the abstract showing plaintiff in error to be a party, yet if the pleading filed by him recites that it was filed by leave, and in the final decree the court recognizes him as a party and adjusts his rights, and plaintiff's petition recognizes that the estate he asserts he represents is interested in the questions in suit, it will be held, on appeal, that as administrator he was and is a party to the suit.

Edgar v. Huff.

2. **WRIT OF ERROR: No Motion for New Trial: Agreed State-ment of Facts.** Where plaintiff in error filed no motion for a new trial or in arrest and no bill of exceptions, the evidence is not for review, and it will be held that, in so far as the decree rests upon an agreed statement of facts or evidence of facts, there was sufficient evidence in both to justify the findings of facts, and only the pleadings and the decree can be reviewed.

3. ———: ———: **Pleading: Will Copied Into Petition.** As a rule documents which are mere evidence should be pleaded by their legal effect and not copied into the pleading; but that rule does not apply to a suit in equity the purpose of which is to obtain a judicial interpretation of the instrument, such as a will. In such case the instrument is properly copied into the petition and forms a part of the pleading and record proper and will be construed on appeal or writ of error, though there be no motion for a new trial or in arrest and no bill of excep-tions.

4. **WILL: Life Tenant: Power of Disposal.** A will which gives the entire estate to the widow for and during her natural life, "with full power to sell and convey the same in fee," and gives to a brother "all of my property, real and personal, not sold and conveyed by her before her death," bestowed on her the right to use so much of the estate as she wished and power to sell any of it she chose; but whatever of the original cor-pus of the estate was left at her death went to the brother or remainderman.

5. ———: ———: ———: **Income.** Everything in the nature of income or profits accruing during the continuance of the life estate belongs to the life tenant, and on her death, if not otherwise disposed of by her, passes to her legal representa-tives or heirs. So that where the will gave a life estate to a wife, with full power in her to sell any part of the estate and she sold none of it, all interest on notes, all dividends on stocks, all rents on lands, and all other income arising from the property during her life, belonged to her, and went upon her death, without a will, to her heirs; but so much of the corpus of the estate as belonged to testator at the time of his death that had not been used up or sold by her, at her death went to the remainderman, and all income arising therefrom after her death, such as the interest, dividends and rents, be-long to him, or if he has died leaving a will, to his legatees.

Error to Iron Circuit Court.— *Hon.* ———, Judge.

AFFIRMED.

*J. H. Raney* and *K. C. Weber* for plaintiff in error.

(1) Sarah M. Emerson took only a life estate under the will of her husband, John W. Emerson, because the will clearly shows the intention of the testator was to make provision for both his wife and his brother to enjoy this estate in turn, and when this is the case there may be a power of disposal in fee by the first taker, yet he has only the life estate. Harbison v. James, 90 Mo. 411; Lewis v. Pitman, 101 Mo. 281; Cornwell v. Orten, 126 Mo. 355; Evens v. Folk, 125 Mo. 397; Schorr v. Carter, 120 Mo. 409; Munro v. Collins, 95 Mo. 33; Conrad v. Wolff, 148 Mo. 553; Russell v. Eubanks, 84 Mo. 83; Bean v. Henmuir, 86 Mo. 666. (2) The will, while creating a life estate in Sarah M. Emerson, created a vested remainder in George F. Emerson in all the property devised under the will to Sarah M. Emerson. Jones v. Waters, 17 Mo. 589; Hill v. Barnard, 9 L. R. A. 211; Wengard's Appeal, 13 L. R. A. 360; Smith v. Bell, 6 Peters (U. S.), 65; Rodney v. Landan, 104 Mo. 251; Waddel v. Waddell, 99 Mo. 342; Chew v. Keller, 100 Mo. 300. (3) All property and proceeds of all property, and all increase from all property which belonged to John W. Emerson at the time of his death, now remaining, which includes all the property enumerated in the agreed statement of facts, should go to the intervenor. The effect of the will was to convert his property into the trust fund to be used by Sarah Emerson perfectly freely, as far as she desired, and in the end the remainder of it was to be turned over entire to George F. Emerson, and the latter's death did not affect the title to the property, which should now be turned over to the intervenor. Harbison v. James, 90 Mo. 411; Lewis v. Pitman, 101 Mo. 281; Monro v. Collins, 95 Mo. 33; Cornwell v. Orten, 126 Mo. 355; Schorr v. Carter, 120 Mo. 409; Evans v. Folk, 125 Mo. 397; Campbell v. Cole, 136 Mo. 201; Redman v. Barger, 118 Mo. 568; Bramell v. Adams, 147 Mo. 70; Underwood v. Power, 176 Mo. 1; Barford v. Allridge, 165 Mo. 419.

*Martin L. Clardy, Edward A. Rozier,* and *Silver & Dumm* for defendants in error; *White, Mabie & Conkey* and *John A. Irrmann* of counsel.

(1) The writ of error should be dismissed or the decree affirmed because of noncompliance with rules 7, 12 and 13 of this court. This case is one of equitable jurisdiction and the evidence adduced was not preserved by bill of exceptions. Documentary evidence (where there was a dispute as to its legal effect) is not preserved by bill nor is any attempt made to state its legal effect; the will of John W. Emerson, deceased, which plaintiff in error seeks to have construed is not properly presented to and cannot be considered by this court; the wills of Sarah M. Emerson, deceased, George F. Emerson, deceased, and Harriet H. Emerson, deceased, referred to in the pleadings, the alleged agreed statement of facts and the decree are not before the court; the alleged agreed statement of facts cannot be considered by the court because it is not preserved in the record by bill of exceptions; no motion for a new trial has been properly preserved; no bill of exceptions whatsoever has been filed; Wilbrandt v. Gas Co., 135 Mo. App. 220; State v. Harris, 216 Mo. 392; State v. Crites, 215 Mo. 91; State v. Baker, 206 Mo. 695; State v. Parnell, 206 Mo. 723; Reed v. Colp, 213 Mo. 577; Collins v. Barding, 65 Mo. 496; Flowers v. Raupp, 87 Mo. App. 454; Utley v. Hill, 155 Mo. 232; Bank v. Hill, 155 Mo. 279; Haas v. Garnett, 155 Mo. 568; Bank v. Garnett, 155 Mo. 569; State ex rel v. Merriam, 159 Mo. 655; Kennerly v. Merry, 11 Mo. 214; Smith v. Smith, 111 Mo. App. 683; Murrell v. McGuigan, 148 Mo. 334; Cunningham v. Railroad, 110 Mo. 208; Garrett v. Mining Co., 111 Mo. 279; Brand v. Cannon, 118 Mo. 595; Snyder v. Free, 102 Mo. 325; Long v. Long, 96 Mo. 180; Craig v. Scudder, 98 Mo. 664; Halsted v. Stone, 147 Mo. 649; Butler County v. Grundy, 152 Mo. 441.
(2) The will of John W. Emerson, deceased, which the

plaintiff in error seeks to have construed, is not before
the court and there is nothing for the court to construe.
Supreme Court Rules 7 and 13; Utley v. Hill, 155 Mo.
232; Bank v. Hill, 155 Mo. 279; Haas v. Garnett, 155
Mo. 568; Bank v. Garnett, 155 Mo. 569; State ex rel v.
Merriam, 159 Mo. 655; Kennerly v. Merry, 11 Mo.
214; Smith v. Smith, 111 Mo. App. 683; Butler County
v. Grundy, 152 Mo. 441.    (3)    By mere operation of
law the income from the property held by a life tenant
becomes vested in the life tenant and is his separate
estate.    Sevier v. Woodson, 205 Mo. 202; Burford v.
Aldridge, 165 Mo. 419; Lewis v. Davis, 3 Mo. 133; 16
Cyc. 621; Bramel v. Cole, 136 Mo. 201.    (4)    The life
tenant of property, real or personal, is entitled to the
interest, income and increase of said property during
his life, and upon his death any portion of said income,
interest and increase not expended by him during his
lifetime  does  not  become  part  of  the  corpus  of  the
estate but is treated as the separate property of the life
tenant and is so distributed.    Sanitarium v. McCune,
112 Mo. App. 332; Lewis v. Davis, 3 Mo. 133; 16 Cyc.
621; Sevier v. Woodson, 205 Mo. 202; Burford v.
Aldridge, 165 Mo. 419; Waterman v. Alden, 42 Ill. App.
294; Richardson v. Richardson, 75 Me. 570; March v.
Railroad, 43 N. H. 515; Coleman v. Oil Co., 51 Pa. 74.
(5)    All dividends upon corporate shares, where an in-
terest for life is therein created, go to the life tenant,
and in the event of his death are distributed as the sepa-
rate property of the life tenant, and do not become part
of the corpus of the estate.    Sanitarium v. McCune, 112
Mo. App. 332; Thompson on Private Corporation, sec.
2172; 16 Cyc. 621; Houser v. Richardson, 90 Mo. App.
134; Price v. Mining Co., 83 Mo. App. 477; Rose v.
Barclay, 45 L. R. A. 392; Bramel v. Adams, 146 Mo.
70; Cook on Corporations, sec. 539; Waterman v.
Alden, 42 Ill. App. 294; In re Kernochan, 104 N. Y.
618; Brundage v. Brundage, 60 N. Y. 544; Johnson v.
Iron Co., 14 Gray, 274; Richardson v. Richardson, 75

Me. 570; Phelps v. Bank, 26 Conn. 269; Coleman v. Oil Co., 51 Pa. 74; Nickals v. Railroad, 15 Fed. 575; Thompson on Corporations, sec. 2192; March v. Railroad, 43 N. H. 515. (6) The purported will of John W. Emerson did not give to George F. Emerson, and hence to his heirs, all property remaining in the hands of Sarah M. Emerson, at the time of her death, but the will gave the property to Sarah M. Emerson "to have, hold and enjoy during her natural life, with full power to sell and convey the same in fee," and upon the death of Sarah M. Emerson after certain specific legacies gave to George F. Emerson absolutely, "all the residue of my estate—not sold or conveyed by Sarah M. Emerson before her death," therein and thereby expressly limiting George F. Emerson to the corpus of the estate and giving him no right to the income, interest or accretions thereon.

VALLIANT, J.—Plaintiff, Wm. E. Edgar, administrator *de bonis non* with the will annexed, of the estate of John W. Emerson, deceased, filed this suit for the purpose of obtaining a judicial construction of the will. The defendants named in the petition are the brothers and sisters, the half brothers and sisters, and nieces of the testator, certain legatees named in the will, and the unknown heirs of Hattie Emerson, deceased, who was the widow of George F. Emerson, deceased, who was a brother of the testator.

The testator left a considerable estate in Iron county; he had no child and by the terms of his will he left his whole estate to his wife Sarah M. Emerson for life, remainder in fee to his brother George F. Emerson. Sarah, the widow, qualified as executrix and assumed the administration of the estate. After the death of the testator George F. Emerson, the remainderman, died, leaving no child, but leaving his widow, Hattie Emerson, who has since died. After the death of George F. Emerson, Sarah M., the widow of testator

died, without having made final settlement of the estate, and thereupon the plaintiff Wm. R. Edgar was appointed administrator *d. b. n.* with the will annexed. After this suit had been pending for a while Arthur Huff filed a petition in the cause showing that he had been appointed by the probate court of Iron county adminstrator of the estate of Harriet Emerson (called in the plaintiff's petition Hattie Emerson) deceased, late widow of George F. Emerson, and asking to be made a party. After that he filed a pleading, which recites on its face that it is filed by permission of the court, in which he states that George F. Emerson died leaving a will, in which all his property, including his interest in the estate of John W. Emerson, was given to his widow Harriet, and that Harriet had since died and the pleader Huff had been duly appointed administrator of her estate by the probate court of Iron county; the pleading concludes with a prayer that all the estate now in the hands of the plaintiff administrator *d. b. n.*, be decreed to belong to Huff administrator and that plaintiff in his final settlement turn the whole estate over to him. All of the defendants were non-residents and were brought in by publication; one of them being a minor, a guardian *ad litem* was appointed for her, and an answer in the usual form of a minor by her guardian *ad litem* was filed. The defendant Hulda E. Kirby entered her appearance, but filed no answer. The only pleadings filed in the case were the plaintiff's petition, the pleading of Huff administrator of Harriet Emerson, and the answer of the minor by her guardian *ad litem*.

The cause was submitted to the court on the pleadings, and, as the decree recites, an agreed statement of facts which was signed by attorneys for the plaintiff, the attorney for Huff, and the attorney for one of the defendants, Mary F. H. Young. The will to be construed was copied in full in the petition and it will be presently set out in this statement.

The agreed statement as it is copied into the abstract contained facts not stated in the petition, relating to the estate of the testator and the personal relationship of the parties; it contained a list of the assets belonging to the estate, notes, stocks, etc., showing interest accrued, dividends earned, etc., and the dates thereof, and upon those facts the court based its decree, adjudging the interest accrued on the notes, bonds, etc., and dividends earned up to the death of the testator's widow, to belong to her estate, and the interest accrued and dividends earned after her death to belong to Huff, administrator of the estate of Harriet Emerson, and (except the specific legacies) the rest of the estate in the hands of the administrator *d. b. n.* also to belong to Huff administrator.

The decree, which is very long and which recites the findings of the court in detail, is based, as it is expressed on its face, upon "the evidence offered by the plaintiff, and the agreed statement of facts filed in this cause by the plaintiff, and other persons claiming to be interested in this cause, including Arthur Huff, administrator of the estate of Harriet H. Emerson, intervenor herein, and upon the uncontroverted averments in the plaintiff's petition."

At the trial none of the defendants appeared except Huff the intervenor, and Mary F. H. Young, whose appearance consisted in the signing of the agreed statement of facts, and the minor whose appearance consisted in her answer. After the rendition of the decree, Stephen E. Emerson, who had not previously appeared, filed a motion for a new trial, which was overruled, and time given him to file a bill of exceptions, but no bill was ever filed and no appeal taken; there was no motion for a new trial by either of the other parties, and no action subsequent to the rendition of the final decree, until the writ of error was sued out by Huff, administrator.

I.   Although there is no order of court shown in the abstract admitting Huff to be a party, yet the pleading filed by him recites that it was filed by leave and in the final decree the court recognizes him as a party, he was treated by the court and the plaintiff as a party and his rights as such were adjudged. Besides, the plaintiff's petition recognizes that the estate of Harriet Emerson is interested in the question in suit, and her unknown heirs are made parties defendant. We hold that under those circumstances Huff as administrator was a party.   But granting that he has been properly made a party to the suit, and was entitled to his writ of error, the question arises what does his writ of error bring up for review?   He filed no motion for a new trial or in arrest of judgment; and no bill of exceptions.   The agreed statement of facts referred to in the final decree is not before us in such form that we can examine it nor is any of the evidence on which the court acted before us.   The agreed statement and the evidence could only be brought up by a bill of exceptions.   In such condition of the record, in so far as the decree rests on the agreed statement of facts or evidence of facts, we must presume that there was sufficient in both to justify the findings of fact.   Our review of the record therefore must be confined to the plaintiff's petition and the decree.

II.   As a rule documents which are mere evidence should be pleaded by their legal effect and not copied into the pleading, but that rule does not apply to a suit in equity the purpose of which is to obtain a judicial interpretation of the instrument.   In such case the instrument is properly copied into the petition and forms a part of the pleading.   The will of John W. Emerson therefore, which is copied in the petition, is before us for construction.   That will or so much of it as is necessary for our purpose is as follows:

"I devise and bequeath to my beloved wife, Sarah M. Emerson, all of my estate, real personal and mixed,

wheresoever situated, to have, hold and enjoy during her natural life, with full power to sell and convey the same in fee; but all of my property, real and personal, not sold and conveyed by her before her death, I devise and bequeath as follows:

"1.   I give to each of my three nieces, Lilly, Grace, and Helen Emerson, two hundred and fifty dollars. And to my niece Lilly Winter, one gold watch to cost one hundred dollars.   I give to my nephew, Henry Emerson, five hundred dollars.

"2.   I give to my adopted sister, Mrs. E. Butler Johnson, one gold watch with pearl or stone settings, and chain and ring to cost two hundred and fifty dollars.

"3.   All the residue of my estate I devise and bequeath to my brother, Dr. George F. Emerson, of Boston, Mass., absolutely; and I hereby appoint him, said George F. Emerson, and my wife, Sarah M. Emerson, executors of this my last will and testament, without bond, as I owe no debts, and there is no occasion for any accounting in or through the probate court."

By this will the testator gives to his wife a life estate in all his property of every kind whatsoever and in addition to the estate so given he bestows on her a power to sell and convey in fee all of the property of which he died seized or possessed.   By the exercise of that power the widow could affect the estate in remainder by selling any of the property that she might see fit to sell but whatever was left at her death was to be used, first to pay or discharge the special legacies named, and then to go in fee to the testator's brother, George F. Emerson.   It does not appear however that she ever exercised that power or sold any of the property.   The income of the property during the life of the widow belonged to her; it was hers to spend or give away or dispose of as she saw fit, and if at her

235 Sup.—36

death any of it had not been spent or disposed of it passed to her personal representatives. She could accumulate an estate for herself by saving or investing the income arising from her life estate; that income was as much her own as if it had arisen out of property of which she owned the fee. "Everything in the nature of income or profits accruing during the continuance of the life estate belongs to the life tenant, and at his death, if not otherwise disposed of by him, passes to his representative." [16 Cyc. 621.] At the death of the life tenant her interest in the corpus of the estate of her husband ceased, and that estate, together with the income that has arisen out of it since her death, goes to the remainderman; it would have gone to George F. Emerson if he had been living at that time, but being dead it went by his will to his widow Harriet, and on her death it went to her administrator, who is the plaintiff in error. But the plaintiff in error claims that he is not only entitled to the corpus of the estate and the income that has arisen from it since the death of the life tenant, but also to that portion of the income that arose during the lifetime of the life tenant, which she had allowed to accumulate and was on hand at her death. The trial court held that he was not entitled to that and the trial court was right. That is the sole complaint of the plaintiff in error. The decree of the trial court gave the plaintiff all that he was entitled to.

The judgment is affirmed. All concur.