HENRI CHOUTEAU, Appellant, v. CITY OF ST. LOUIS, a Municipal Corporation, and the Unknown Heirs and Descendants, Devisees and Grantees, Immediate, Mesne and Remote, of AUGUSTE CHOUTEAU and THERESE CERRE CHOUTEAU, his wife, and of JOHN B. C. LUCAS.—55 S. W. (2d) 299.

Court en Banc, December 16, 1932.

782

*H. Chouteau Dyer* and *J. Raymond Dyer* for appellant.

*Julius T. Muench, Oliver Senti, Leonard J. Holland* and *Jacob F. Pfeffle* for respondent.

GANTT, J.—Action by plaintiff as heir-at-law of Auguste and Therese Cerre Chouteau, who, with John B. C. Lucas, were the donors

of land in the city of St. Louis on which the courthouse in said city was located. He claims an interest in said land because the building thereon is no longer used as the courthouse of said city. The petition is in four counts. The first count is under Section 1520, Revised Statutes 1929, to try and determine title. The second and third counts are in ejectment, and the fourth count in partition. On the court sustaining a demurrer to the petition, plaintiff declined to further plead, and judgment was entered for defendant city. Plaintiff appealed.

■ If the first count had been conventional, the pleading would have been proof against demurrer. [Huff v. Laclede Land Co., 157 Mo. 65, 57 S. W. 715.] But in said count plaintiff set forth the deed of conveyance as the basis of his claim of interest in said land. Therefore, it formed a part of said count. [Edgar v. Emerson, 235 Mo. 552, 560, 139 S. W. 122.] Furthermore, in counts two, three and four reference was made to the deed set forth in the first count and plaintiff's claim of right to possession under counts two and three, and claim of right to partition under count four rest on his claim of interest under said deed. In other words, each count of the petition is based upon and involves the judicial construction of said deed. Plaintiff does not claim that all the facts necessary to a determination of the case are not alleged in the petition. Indeed, he invited the trial court and invites this court to dispose of the case on a construction of the deed. ■ In this connection it should be stated that conclusions of law and conclusions on the facts as set forth in the petition will be ignored. [Donovan v. Boeck, 217 Mo. 70, 80-85, 116 S. W. 543.] We now state the pertinent facts alleged in the petition.

On December 14, 1822, an act of the Legislature was approved appointing certain commissioners and authorizing them (a) to receive proposals from persons willing to make a donation of land in the town of St. Louis whereon to erect a courthouse; (b) to select from said proposals a site for said purpose; (c) to accept and receive the site selected; (d) and to cause a conveyance of the site to be executed to the justices of the county court and their successors in office forever in trust for the use of St. Louis County for said purpose. [Laws 1804-24, p. 989.]

The commissioners received a proposal from Auguste Chouteau and John B. C. Lucas to donate a block of land. They owned the lots surrounding and in the neighborhood of said land. The commissioners selected said land for said purpose, and in writing, signed by them, accepted same on August 25, 1823. On November 11, 1825, the owners of said land acknowledged a deed dated September —, 1823, conveying said land to said justices and their successors for said

purpose. The written acceptance by the commissioners was followed on the parchment by the deed conveying the land. In due course a courthouse was built on said land. It was used as such by the County of St. Louis until 1876. In that year the Legislature separated the city of St. Louis from the county of St. Louis. In doing so the interest of the county in the courthouse property was transferred to the city. Thereafter the courts of record of the city and the officers of said courts occupied said courthouse until June 23, 1930. On that date said courts and officers were moved to a new courthouse in the city.

The acceptance of the land follows:

"We, The Undersigned Commissioners appointed by an act of the General Assembly of the State of Missouri entitled 'An Act Concerning a Court House and Jail in the County of St. Louis approved the 14th December 1822' have this day selected as proper Site whereon to erect a Court house for the County of St. Louis A Square of ground offered by John B. C. Lucas and Auguste Chouteau Esquire Situated on . . . and the Said Commissioners as by the Said 'act' authorized do by these presents accept and Receive the Said Square of Ground 'of' the said John B. C. Lucas and Auguste Chouteau Esquire the Donors as the Seite whereon the Court house of the County of St. Louis Shall be built, the Said Lucas and Chouteau are Required to Execute a deed for Said Square as is Required by the act above Referred to Given under our hands at St. Louis this 25th day of August 1823—Thomas Sappington—Will Carr Lane— Pr. Chouteau Jr."

The deed follows:

"Whereas Thomas Sappington, William Carr Lane and Peirre Chouteau Jr. three of the Commissioners appointed by an act of the General Assembly of the State of Missouri approved the 14th day of December 1822 to Select on behalf of the County of St. Louis a proper Seite within the Town of St. Louis Whereon to Erect a Court house for the Said County and the Commissioners aforesaid having Selected as the most Suitable Situation whereon to build Said Court house a certain piece of ground in the Town of St. Louis belonging in Separate proportions to the undersigned Auguste Chouteau and John B. C. Lucas Situate Lying and Being in the addition to that part of the Town Laid out by *them* and marked A upon the Plat of Said addition as appears by the Record thereof in the office of the Recorder of St. Louis County Book F, (page 2) the Said Square of ground as aforesaid Selected is bounded . . . Now Therefore Know all men by these presents that we Auguste Chouteau & Therese Cerre Chouteau his wife and John B. C. Lucas all of the City of St. Louis and State of Missouri do by these presents give,

grant, Transfer Quit Claim and forever Set over to John C. Sullivan, Justus Post and Joseph V. Garnier the present Justices of the County Court of the County of St. Louis and to their Successors in office forever in Trust and for the use of the County of St. Louis all our Right, Title, Claim, interest, and estate in and to the above described Square of ground Situated and bounded as above Recited with all and Singular the privileges and appurtenances to the Same in any wise appertaining, but upon this Condition nevertheless that the Said piece of ground by these presents given and Conveyed shall be used and appropriated *'forever'* as the Seite on which the Court house of the County of St. Louis Shall be erected. In Testimony whereof the Said Grantors have hereunto Set their hands and affixed their Seals at St. Louis this — day of September in the Year of our Lord One Thousand Eight hundred and twenty-three.''

The words ''them'' and ''forever'' were underscored before the grantors signed the deed.

Plaintiff and the city agree that any trust created under the deed was a dry trust, executed by the Statutes of Uses. They also agree that the conveyance was neither a common-law dedication nor a statutory dedication of the land for public use.

The second count of the petition proceeds upon the theory that the deed conveyed a determinable fee. The third count proceeds upon the theory that the deed conveyed a conditional fee. Defendant city contends that the deed conveyed an absolute fee. In other words, the plaintiff and defendant city agree that the case turns on a construction of the deed. In this connection plaintiff states ''it must be borne in mind that it is upon the construction of the deed in the instant case, and not of the deeds in other cases, that this demurrer depends. Each case depends upon its own facts. If the deed passed the absolute fee, the demurrer lies, but if it passed a determinable fee, or if it passed a conditional fee, it does not lie.''

In counts two and three of the petition plaintiff pleaded in the alternative. He thereby pleads that the deed conveyed either a determinable fee or a conditional fee. However, he insists that the deed conveyed a determinable fee. In a determinable estate the condition is incorporated into and forms part of the limitation (grant). [Goodeve: Modern Law of Real Property (3 Ed.) 180.] The grant in such case is not upon a condition subsequent, and no re-entry is necessary; but by the terms of the grant the estate is to continue until the happening of some event. And upon the happening of said event, the estate will cease and determine by its own limitation. The proper words for the creation of such an estate are, ''until,'' ''during,'' ''so long as,'' and the like. [Thompson on Real Property, sec. 2105, pp. 170, 171. Challis: Real Property, 1885, p. 206.]

■ As stated by defendant city "the deed under consideration uses none of these words, nor does it use any other expression indicating an intention to cut the title to a base or determinable fee, nor is there any clause in the deed providing for a reverter. The conveyance of 'all of their right, title, claim, interest and estate,' by the grantors directly negatives the idea of a reverter. The grant was forever, and not 'so long as,' 'while,' 'during' or 'until.'"

■ Plaintiff argues that the words of condition following the *habendum* clause of the deed is an expression indicating an intention to convey a determinable fee. We do not think so. The condition follows: " . . . but upon this Condition nevertheless that the Said piece of ground by these presents given and Conveyed shall be used and appropriated *'forever'* as the Seite on which the Court House of the County of St. Louis shall be erected." The words "upon condition" may be used to form a part of a limitation (grant) and thereby convey a determinable fee. But in this deed said words introduced a new clause. [3 Thompson, Real Prop., sec. 1966.] They were superadded to the limitation of the estate. [Goodeve: Modern Law of Real Property (3 Ed.) p. 180; 1 Tiffany: Real Prop. (2 Ed.) sec. 90.] It follows that the deed did not convey a determinable fee.

■ Defendant next contends that if the deed did not convey a determinable fee, it conveyed an estate upon condition subsequent. The difference is stated as follows:

"The distinction between an estate upon condition, and the limitation by which an estate is determined upon the happening of some event, is that in the latter case the estate reverts to the grantor or passes to the person to whom it is granted by limitation over, upon the mere happening of the event upon which it is limited, without any entry or other act; while in the former the reservation can only be made to the grantor or his heirs, and an entry upon breach of the condition is requisite to revest the estate. The provision for re-entry is therefore the distinctive characteristic of an estate upon condition, and when it is found that by any form of expression the grantor has reserved the right, upon the happening of any event, to re-enter and thereby revest in himself his former estate, it may be construed as such." [2 Devlin: Deeds (3 Ed.) sec. 974.]

In the deed under consideration there was no express provision for re-entry. And in his brief plaintiff states that "they (grantors) incorporated into their deed no provision for re-conveyance nor indeed any reservation of right to regain at all." In Haydon v. Railroad, 222 Mo. 126, l. c. 139, 121 S. W. 15, quoting in part from Studdard v. Wells, 120 Mo. 25, 25 S. W. 201, we said:

" ' . . . It is a familiar rule often asserted in the books that conditions subsequent are not favored in the law, because they have the effect in case of breach to defeat vested estates; and when relied upon to work a forfeiture they must be created in express terms or by clear implication. [2 Wash. on Real Prop. (5 Ed.) 7; Morrill v. Railroad, 96 Mo. 174.] And courts will construe clauses in deeds as covenants rather than conditions, if they can reasonably do so. [2 Wash. on Real Prop. (5 Ed.) 4.] It is also true that the question whether a clause in a deed is a condition or a covenant, is one of intent to be gathered from the whole instrument by following out the object and spirit of the deed or contract. [St. Louis v. Wiggins Ferry Company, 88 Mo. 618.] . . .'

"In addition to the general principles, outlined above, we may add that it is a familiar doctrine that forfeitures (putting it with mildness) are not favored in equity; and that (while not controlling) it is not entirely without significance that there is no express provision making the subsequent standing of cars on the switch a condition subsequent, or a mutual dependent covenant, nor is there shown to be any clause of reverter in the deed, and we are left to an interpretation of the contract by the good sense of the thing in the light of its subject-matter and language used."

And in Catron v. Scarritt Collegiate Institute, 264 Mo. 713, l. c. 723, 175 S. W. 571, we also said:

"While a condition subsequent may be inserted in a conveyance of lands in a fee without using express terms of reverter upon the breach of such condition, if the deed in its entirety and the circumstances attending its execution, demonstrate that the object of the grantors was to cause a reversion of the estate upon the subsequent happening of a lawful condition; yet no such conclusion will be drawn if it may be avoided by any other reasonable construction of the language of the deed. This is the settled policy of the law. The reason of which is, that estates once vested in fee, ought not be up-rooted, except upon proof of the happening of a lawful condition attached to the continuance of the estate by the terms of the deed, and further proof that it was the intention of the grantor in making the conveyance that it should revert when this condition ceased to exist."

To the same effect, German Church v. Schreiber et al., 277 Mo. 113, l. c. 127, 209 S. W. 914.

In an effort to bring himself within the rule, plaintiff contends that a right of re-entry should be implied from the expressed condition in the deed and the circumstances surrounding the execution of the deed. He points to no circumstance tending to show an intention on the part of the grantors to provide for re-entry. On the contrary, the circumstances tend to show that the grantors in-

tended to convey the fee. They were dealing with the State under a statute, the terms of which called for a conveyance of the fee. The statement in the statute that the land donated would be used as a site whereon to erect a courthouse did not limit the estate to be conveyed. It was merely a declaration that the land donated would be used for county purposes. As stated, the grantors owned the lots surrounding the land donated. The location of the courthouse on said land would enhance the value of those lots. In the absence of authority under the statute to convey a determinable fee, or a fee on condition subsequent, the grantors imposed a confidence or trust on the land by the condition set forth in the deed. That confidence was not wholly misplaced for the courthouse was located on said land for a century. Plaintiff cites cases in which a deed or lease provided for a forfeiture. Of course, the right of re-entry is implied from a provision for forfeiture. The deed under consideration contained no such provision.

It follows that plaintiff and defendant unknown heirs and descendants, devisees and grantees of Auguste Chouteau and Therese Cerre Chouteau, his wife, and of John B. C. Lucas have no interest in the land described in the petition. The demurrer was well ruled, and the judgment should be affirmed. It is so ordered. All concur.