AZBY CHOUTEAU, the 3rd, and FRANCISE CHOUTEAU, Minors, by the City National Bank of Dallas, Texas, Their Guardian, and MORTON LUCAS, Appellants, v. CITY OF ST. LOUIS ET AL.

CHARLES LUCAS and AUGUSTE A. CHOUTEAU, Appellants, v. CITY OF ST. LOUIS ET AL.

HARRIET CLARK WILLIAMS, Appellant, v. CITY OF ST. LOUIS ET AL., —56 S. W. (2d) 1050.

Court en Banc, December 31, 1932.

*A. R. A. Garesche, George G. Vest, Robert E. Maloney, George T. Priest* and *Boyle & Priest* for appellants.

1208

*Julius T. Muench, Oliver Senti, Jacob F. Pfeffle* and *Leonard J. Holland* for respondent.

GANTT, J.—By consent these cases were consolidated for trial in the circuit court. They are suits in equity (under the statute) and by plaintiffs as heirs-at-law of Auguste and Therese Cerre Chouteau and John B. C. Lucas, who were the donors of land in the city of St. Louis on which the courthouse in said city was located. The petitions are identical and on behalf of plaintiffs and the unknown heirs or representatives of grantors who claim an interest in the land. The known heirs-at-law of said grantors are joined with the city as defendants. The petitioners prayed the court to determine the rights, claims, interests and liens of the parties in and to said land. After making certain admissions, the answer of defendant city was a general denial with certain affirmative defenses. The answer of defendant Henri Chouteau was a general denial. As to the other defendants, a default was had upon publication or personal service. At the close of the evidence and on motion of defendant city, the court dismissed the petitions and entered judgment for defendant city. Plaintiffs and certain defendants appealed.

The pleadings are not challenged. They properly presented the issues for determination, and it is not necessary to summarize them. In this court the cases, for the purpose of argument and submission, were consolidated with Henri Chouteau v. City of St. Louis, 331 Mo. 781, 55 S. W. (2d) 299. The facts follow:

On December 14, 1822, an act of the Legislature was approved appointing certain commissioners and authorizing them (a) to receive proposals from persons willing to make a donation of land in the town of St. Louis whereon to erect a courthouse; (b) to select from said proposals a site for said purpose; (c) to accept and receive the site selected; (d) and to cause a conveyance of the site to be executed to the justices of the county court and their successors in office forever in trust for the use of St. Louis County for said purpose. [Laws 1804-24, p. 989.]

The commissioners received a proposal from Auguste Chouteau and John B. C. Lucas to donate a block of land. They owned the

lots surrounding and in the neighborhood of said land. The commissioners selected said land for said purpose, and in writing, signed by them, accepted same on August 25, 1823. On November 11, 1825, the owners of said land acknowledged a deed dated September —, 1823, conveying said land to said justices and their successors for said purpose. The written acceptance by the commissioners was followed on the parchment by the deed conveying the land. In due course a courthouse was built on said land. It was used as such by the county of St. Louis until 1876. In that year the Legislature separated the city of St. Louis from the county of St. Louis. In doing so the interest of the county in the courthouse property was transferred to the city. Thereafter the courts of record of the city and the officers of said courts occupied said courthouse until June 23, 1930. On that date said courts and officers were moved to a new courthouse in the city.

The acceptance of the land follows:

"We, the Undersigned Commissioners appointed by an act of the General Assembly of the State of Missouri entitled 'An Act Concerning a Court House and Jail in the County of St. Louis approved the 14th December 1822' have this day selected as proper Site whereon to erect A Court house for the County of St. Louis A Square of ground offered by John B. C. Lucas and Auguste Chouteau Esquire Situated on . . . and the Said Commissioners as by the Said 'act' authorized do by these presents accept and Receive the Said Square of Ground 'of' the Said John B. C. Lucas and Auguste Chouteau Esquire the Donors as the Seite whereon the Court house of the County of St. Louis Shall be built, the Said Lucas and Chouteau are Required to Execute a deed for Said Square as is Required by the act above Referred to Given under our hands at St. Louis this 25th day of August 1823—Thomas Sappington—Will Carr Lane— Pr. Chouteau Jr."

The deed follows:

"Whereas Thomas Sappington, William Carr Lane and Peirre Chouteau Jr three of the Commissioners appointed by the act of the General Assembly of the State of Missouri approved the 14th day of December 1822 to Select on behalf of the County of St. Louis a proper Seite within the Town of St. Louis Whereon to Erect a Court house for the Said County and the Commissioners aforesaid having Selected as the most Suitable Situation whereon to build Said Court house a certain piece of ground in the Town of St. Louis belonging in Separate proportions to the undersigned Auguste Chouteau and John B. C. Lucas Situate Lying and Being in the addition to that part of the Town Laid out by 'them' and market A upon the Plat of Said addition as appears by the Record thereof in the office of the Recorder of St. Louis County Book F, (page 2) the Said Square

of ground as aforesaid Selected is bounded . . . Now Therefore Know all men by these presents that we Auguste Chouteau & Therese Cerre Chouteau his wife and John B. C. Lucas all of the City of St. Louis and State of Missouri do by these presents give, grant, Transfer Quit Claim and forever Set over to John C. Sullivan, Justus Post and Joseph V. Garnier the present Justices of the County Court of the County of St. Louis and to their Successors in office forever in Trust and for the use of the County of St. Louis all our Right, Title, Claim, interest, and estate in and to the above described Square of ground Situated and bounded as above Recited with all and Singular the privileges and appurtenances to the Same in any wise appertaining, but upon this Condition nevertheless that the Said piece of ground by these presents given and Conveyed shall be used and appropriated *'forever'* as the Seite on which the Court house of the County of St. Louis Shall be erected. In Testimony whereof the Said Grantors have hereunto Set their hands and affixed their seals at St. Louis this_____day of September in the Year of our Lord one Thousand Eight hundred and twenty three.''

The words "them" and "forever" were underscored before the grantors signed the deed.

Plaintiffs contend that the land in question was dedicated to a public use; that the city succeeded the justices of the county court as trustee on the separation of the city and county, and that on abandonment of the property the execution of the trust became impossible and the land reverted to the lineal descendants of the grantors by operation of law. In other words; they contend that the deed conveyed an easement.

Defendant city challenges the right of plaintiffs to present this theory. The petitions alleged that the deed was a conveyance of the fee upon condition subsequent. The cases were tried below on that theory. Plaintiffs contend that the rule has no application on appeals in equity cases. They also contend that the legal effect of the facts alleged in the petitions authorize a review in this court on the theory that the deed conveyed an easement. We will assume that this contention is correct and proceed to determine if grantors conveyed an easement. In this connection plaintiffs contend that the act of the Legislature fixed the estate to be conveyed and that grantors complied with the act. Therefore, the case turns on a construction of the act. Of course, "a county may take and hold property for such purposes as are authorized by statute, by donation, by devise or by dedication." [15 C. J. p. 532.]

The act called for a donation of land. The word "donation" is defined to be "an act by which the owner of a thing voluntarily transfers the title and possession of the same from himself to another without any consideration." [Winfield's Adjudged Words & Phrases, p. 206; 1 Bouvier's Law Dict., p. 924; 1 Pope Legal Defini-

tions, p. 412; Black's Law Dict. (2 Ed.) p. 391.] We find nothing in the act indicating that the words should be otherwise construed. The statement in the act that the land donated would be used as a site whereon to erect a courthouse did not limit the estate to be conveyed. It was merely a declaration that the land donated would be used for county purposes. [Henri Chouteau v. City of St. Louis, 331 Mo. 781, 55 S. W. (2d) 299.] The word "dedication has respect to the possession and not to the permanent estate. Its effect is not to deprive a party of his land but to estop him while the dedication continues in force from asserting that right of exclusive possession and enjoyment which the owner of property ordinarily has." [Rutherford v. Taylor, 38 Mo. 315, l. c. 318.] The grantors (Chouteau and Lucas) understood the act to require a conveyance of the fee. They conveyed the fee on condition. [Henri Chouteau v. City, supra.] ■ Furthermore, the conveyance to the justices of the county court in trust for the use of the county was a conveyance to the county. In early times most of the conveyances to towns, cities and counties were made to the inhabitants or officers thereof. It was universally ruled that the estate so conveyed belonged to the town, city or county. [St. Louis County Court v. Griswold et al., 58 Mo. 175, l. c. 200.] And in Abernathy v. Dennis, 49 Mo. 468, l. c. 470, we said: "Counties are mere subdivisions of the State for governmental purposes, capable, however, of holding the title in fee to such lands as may be donated to them for their own use." And under similar facts it was ruled in Sumner v. Darnell, 27 N. E. (Ind.) 162, l. c. 164, as follows:

"As we construe the grant, it was in legal effect and contemplation a conveyance to the county. Nothing in the language used indicates a design on the part of the grantor to vest the legal title in the commissioners and their successors as individuals, to act as trustees, rather than as the agents of the county, or to impose upon them any duties or obligations other than those required of them as public officers. The statute in force at that time did not, as does the present one, designate the corporate name and style to be assumed by boards of commissioners, (act approved December 17, 1816), and the form used in this deed was at that time commonly used in conveying property to corporations and quasi corporations in this state."

Plaintiffs cite Neil v. Independent Realty Co., 317 Mo. 1235, 298 S. W. 363, and similar cases ruling questions under the law applicable to easements. A consideration of those cases is unnecessary.

Plaintiffs and the unknown heirs, descendants and representatives of the grantors, Auguste and Therese Cerre Chouteau and John B. C. Lucas, and the defendants, the known heirs of said grantors, have no interest in the land described in the petitions.

The judgment should be affirmed. It is so ordered. All concur.