## UNITED STATES v. CERTAIN LAND IN CITY OF CAPE GIRARDEAU, MO., et al.
### No. 482.

District Court, E. D. Missouri, S. E. D.
Aug. 31, 1948.

See also 72 F.Supp. 875.

Drake Watson, U. S. Atty. of New London, Mo., and Charles J. Hughes, Asst. U. S. Atty. of St. Louis, Mo., for plaintiff.

R. P. Smith, of Cape Girardeau, Mo., for defendant City of Cape Girardeau.

I. R. Kelso, of Cape Girardeau, Mo., for defendant Iska W. Carmack.

Strom & Spradling and A. M. Spradling, Jr., all of Cape Girardeau, Mo., for defendants R. S. Lorimier, A. C. Lorimier, and Maude Lorimier Uhl.

HULEN, District Judge.

By direction of the Supreme Court (United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209), plaintiff was granted a preliminary judgment in condemnation of the land described in the petition. Conventional proceedings followed with appointment of commissioners to fix compensation. An award of Thirty-Five Thousand Dollars ($35,000) was made.

The Government alleges in their petition, defendant City of Cape Girardeau is the owner of the fee of the land condemned and entitled to the compensation award. The City of Cape Girardeau asserts a like interest in the land. Defendant Iska W. Carmack "for herself and others similarly situated" claims the heirs of Louis Lorimier, deceased, are entitled to the compensation award and that she is one of the said heirs.

Plaintiff has a motion pending to strike out the exceptions to the Commissioners' report filed by Iska W. Carmack and others as heirs of Louis Lorimier. Defendant Iska W. Carmack has a motion to dismiss the declaration of taking and vacate the judgment entered on the declaration of taking. Defendant Iska W. Car-

560

mack filed a separate motion to strike motion to amend the amended petition and vacate order granting leave to amend the amended petition, and to strike and dismiss declaration of taking and to set aside judgment entered on the declaration of taking.

By agreement of the parties all issues presented by the pleadings and the motions were consolidated for hearing (save as to exceptions to Commissioners' report). Who is entitled to the Commissioners' award as between the City of Cape Girardeau and the defendants, Lorimier heirs, is the basic question presented on the record. Our ruling on this issue will dispose of the questions presented by the numerous pleadings.

■ At the outset we state our opinion on the nature of this proceeding. The parties seem to be in confusion on this subject. Plaintiff is simply condemning the tract of land described in its petition by the time honored process. Under ruling of the Supreme Court that right is no longer open to debate. The defendants, Lorimier heirs and the City of Cape Girardeau would inject controversies between themselves into the case, apparently on the theory this is an equitable action. This proceeding is not governed by the Federal Rules of Civil Procedure (See Rule 81(a) (7)). It is an action at law. See Chappell v. United States, 1896, 160 U.S. 499, 16 S.Ct. 397, 40 L.Ed. 510; Kohl v. United States, 1875, 91 U.S. 367, 23 L. Ed. 449. Our powers in the case are accordingly circumscribed by the character of the action.

The rights of the adverse claimants to the compensation award turns on interpretation of a deed dated September 11, 1820. The heirs of Louis Lorimier are grantors in this deed. The inhabitants of the Town—now City—of Cape Girardeau are the grantees. The Lorimier heirs take the position, the purpose for which the land is being condemned is by solicitation of the City of Cape Girardeau, and such action by the City officers violates the terms of the 1820 deed, works a reverter, and as heirs of Louis Lorimier they are entitled to the compensation. The City's position, affirmed by the Government, is

that such compensation is payable to it as owner of the fee, even if held in trust for specific purposes. The deed reads as follows:

"Be it remembered That the undersigned *Heirs and legal representatives of Louis Lorimier deceased,* namely Louis Lorimier, Daniel F. Steinbeck, Victor Lorimier and Thomas S. Rodney as Guardian of Thomas Jefferson Rodney and Polly Rodney, for and in consideration of the sum of One Dollar the receipt whereof is hereby acknowledged, and for Divers other good considerations and more particularly for the convenience and encouragement of the Inhabitants of the Town of Cape Girardeau and Owners of Lots in or near the same, *have given, granted, sold, aliened, quit-claimed and conveyed, and they do hereby give, grant, sell, alien, quit-claim, convey and confirm unto the inhabitants of the Town aforesaid collectively, for their use, benefit and behoof forever,* the several Lots of parcels of land hereinafter described, viz, 1°. The place known and designated in the plan of said Town, as the Public Square, bounded on the East by Spanish Street, and on the West by the Street of Independence in Ranges C & D, as originally laid off and Containing four acres.—2dly. Lot No. Twenty-two in Range C, bounded Westwardly by a Street Sixty feet wide, and on the South by the Street of Independence, including a Spring—3°. Lot No. Twenty-Two in Range A bounded on the West by Fountain Street and on the South by Williams Street.—4°. all the vacant space between the river Mississippi and the front of Ranges A, B, G and H, designated on the map by the name of Front Street or, Aquamsi; and generally all the ground appropriated to Streets and alleys throughout the whole Town, as represented in the plan thereof.—5°. The space on the river above the town, in front of Outlot No. One, containing two acres and a half, more or less.—6°. a hundred feet square in Outlot No. Two and adjoining North Street, so as to afford a convenient access to the Spring used in that part, and to include said Spring.—7°. Six acres of land (as laid off in the Map of Outlots) situated part in Outlot No. Two, and part in Outlot No. Thirty-two;

and now used as a Grave Yard; with the condition that the Western half thereof shall be and remain appropriated to the Roman Catholic Church.—8°. An Outlot Marked (h) containing about three acres and a quarter, bounded Eastwardly by Pacific Street, and Westwardly by John Scripps's purchase of six acres, on the North by Outlot (I) and on the South by Outlot (i), which Lot, including a large Spring, is destined for the establishment of a Public School.—*Together with all and Singular the right, title, claim, and interest whatsoever of them the said Louis Lorimier, Daniel F. Steinbeck, Victor Lorimier, and Thomas Jefferson Rodney and Polly Rodney, and their heirs forever unto the several Lots or parcels of land above enumerated and described and all appurtenances belonging to the same.—Provided always that the several tracts or parcels of Land thus granted to the Town of Cape Girardeau and the Citizens Thereof shall remain forever affected and appropriated to the public uses to which they are respectively intended, and that they, nor any part of them, shall never become private property."* (Italics added.)

A deed from Louis Lorimier dated July 29, 1807 originated the chain of title proper. We take the deed of 1820 because the land in issue was reconveyed to the heirs of Louis Lorimier in 1814, the seat of the then local government being moved from the "District of Cape Girardeau" it was conceded the purpose for which the land had been conveyed by deed of 1807 has been made impossible of compliance with. Then followed, six years later, the deed set out above and which has been recognized as the source of the present title of the City of Cape Girardeau. See Board of Regents for Normal School-Dist. No. 3 v. Painter, 102 Mo. 464, 14 S.W. 938, 10 L.R.A. 493.

■■■ To sustain the position of the Lorimier heirs the deed of 1820 must be construed as containing a condition subsequent providing for a reverter on breach of the condition. The law of Missouri declares well recognized rules by which such a claim must be judged. A condition subsequent need not be created by express terms but the implication must be clear if express terms are not used. A contrary construction should be given to the instrument if this can be done without ignoring the plain provisions of the deed. Stilwell v. St. Louis, 39 Mo.App. 221. Conditions subsequent, of the character relied upon by the Lorimier heirs, are not favored in law. Morrill v. Wabash, St. L. & P. Railway Company, 96 Mo. 174, 9 S.W. 657. Guided by these principles the Court should endeavor to determine the intent of the parties at the time of the execution of the deed of 1820 as evidenced by the instrument as a whole. City of St. Louis v. Wiggins Ferry Company, 88 Mo. 615, 618. Missouri law governs this case. Decisions of the highest court of the State represent the law of a State under the Erie ruling. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. Title 28, U.S.C. Sec. 1652, Chap. 3.

■■ An examination of the deed in question, and particularly the granting language, indicates a conveyance of the fee "forever". The express terms as well as the plain implication of the deed evidences no intent of the grantors to limit the conveyance as to time or that title should revert under any circumstances. We find no language in the instrument indicative of an intention on the part of the grantors to cut down the title conveyed in the respects noted. The deed includes language that the tract involved in this case "shall remain forever affected and appropriated to the public uses to which they are respectively intended, and that they, nor any part of them, shall never become private property" but this language cannot be tortured into a condition subsequent creating a reverter. At most they impress a trust on the grantees as to use of the land. Taking the instrument as a whole the intent is evident to convey an interest without limitation as to time. Such intention negatives a reverter. If there was language in the instrument from which it could plainly be inferred the conveyance was only "as long" or "while" or "during" the period when the property was used for public purposes as described, then there would be a basis for claim of

the Lorimier heirs. We search in vain for such terms. We think a reasonable interpretation of the deed, as a whole, is that the conveyance was made to the inhabitants of the Town, now City of Cape Girardeau, in trust to be used for a particular purpose without a condition subsequent imposed should there be a violation of the trust. It follows, the City must prevail as between the contending defendants, in its claim to the compensation award in this case. See Reid v. Board of Education of Edina, 73 Mo. 295; Goode v. City of St. Louis, 113 Mo. 257, 20 S.W. 1048; Hand v. City of St.Louis, 158 Mo. 204, 59 S.W. 92; Mott v. Morris, 249 Mo. 137, 155 S.W. 434; Catron v. Scarritt Collegiate Institute, In Banc, 264 Mo. 713, 175 S.W. 571; German Evangelical Protestant Congregation of Church of Holy Ghost v. Schreiber, 277 Mo. 113, 209 S.W. 914; Chouteau v. City of St. Louis, In Banc., 331 Mo. 781, 55 S.W.2d 299; Id., 331 Mo. 1206, 56 S.W.2d 1050; Bagby v. Missouri-Kansas-Texas R. Co., 351 Mo. 79, 171 S.W.2d 673; Holekamp Lumber Co. v. State Highway Commission, Mo.Sup., 173 S.W.2d 938. Even if the deed were susceptible of the interpretation urged by the Lorimier heirs their position would still be weak because it is doubtful if use of the land by the Federal Government for a building to house a Federal Court House and Post Office would be such an abuse of purpose as to work a reverter since they are not favored in law. Certainly it is not a "private" use.

The case of Board of Regents for Normal School-Dist. No. 3 v. Painter, supra, is relied on by the Lorimier heirs. It has little bearing on the issues in this case. There the Court simply held the grantees in the deed of 1820 were without power to convey part of the premises therein described. This is in harmony with the ruling that the deed conveyed the premises in trust for certain purposes. Reverter on condition subsequent was not considered by the Court nor an issue in the case.

The weakness of the position of the Lorimier heirs as set out in brief is, they proceed on the premise the deed of 1820 of the Lorimier heirs to the inhabitants of the Town of Cape Girardeau contained a condition subsequent with reverter. Of course if it did the law is plain—the Lorimier heirs should prevail in this case.

We have not ignored defendants' claim and argument that the Government and the City are engaged in an exchange of properties, namely the condemned site for the presently owned Government building in Cape Girardeau and the City is without power to convey. The Government doubtless long ago came to the same conclusion—that the City had no power to pass title. Plaintiff is here proceeding in condemnation. It has acquired title by judgment of this Court in that manner. The mandate of the Supreme Court of the United States in this case so provides. That the City apparently is willing to aid the proceeding is a matter of no legal effect on the right of the Government to acquire title. Consent is not a necessary condition precedent to acquire title by condemnation. What negotiations between plaintiff and the City of Cape Girardeau may have preceded the mandate of the Supreme Court, as to exchange of properties, has no bearing in the case because no such exchange is the basis for the judgment vesting title in plaintiff to the property condemned. The defense of exchange of properties was substantially raised before the Supreme Court and without success. That ruling is res judicata we think. How the City of Cape Girardeau and the plaintiff may now settle the obligation of the plaintiff evidenced by the award of the Commissioners for compensation is not before this Court and this Court expresses no opinion concerning it.

Plaintiff may submit a final order and decree on the issues raised by the defendants Lorimier heirs in their answer, that the defendants, Lorimier heirs, are without title or interest in the fee of the land condemned to support a claim to the whole or any part of the compensation award and the defendant City of Cape Girardeau is entitled to the compensation awarded in this case; that motions of Iska W. Carmack are overruled; that exceptions to the report of the Commissioners and the

Commissioners' award filed by Iska W. Carmack and others representing the Lorimier heirs are stricken. Under the present ruling any party affected adversely thereby should have his right of appeal, hence the finality of the judgment as to ownership of the land condemned.