251 S.W.2d 677 (1952)
FUCHS et al.
v.
REORGANIZED SCHOOL DIST. NO. 2, GASCONADE COUNTY.
No. 42621.
Supreme Court of Missouri, Division No. 1.
September 8, 1952.
Motion for Rehearing or to Transfer to Denied October 13, 1952.
*678 Joseph T. Tate, Owensville, for appellant.
J. H. Mosby, John P. Peters, Linn, for respondents.
Motion for Rehearing or to Transfer to Court en Banc Denied October 13, 1952.
COIL, Commissioner.
In this action to quiet title to an acre of ground in Gasconade County both plaintiffs-respondents and defendant-appellant claimed fee simple title. We shall refer to the parties as plaintiffs and defendant. The trial court adjudged fee simple title in plaintiffs. Defendant has appealed.
Plaintiffs' motion to dismiss defendant's appeal or affirm the judgment of the trial court was taken with the case. Plaintiffs contend that defendant failed to comply with Supreme Court Rule 1.08 in that, it is alleged, defendant failed to make a jurisdictional statement, failed to make a fair and concise statement of the facts, and failed to set forth sufficiently the points relied on with allegations of error and citation of authorities.
We have examined defendant's brief in the light of the claimed deficiencies. We are of the opinion that plaintiffs' motion to dismiss or affirm should be, and it is, overruled. However, we emphasize again that the clear, specific, and simple provisions of Supreme Court Rule 1.08 should be fully complied with in the preparation of briefs.
Plaintiffs, the only heirs of the grantors in the deed later set forth, base their claim of title on the propositions that the deed conveyed to School District 51 (defendant's predecessor in title) a determinable fee with a possibility of reverter; that defendant had abandoned the real estate for school purposes; that the intent of the grantors was to provide for the automatic reversion of the fee simple estate upon abandonment; and that the possibility of reverter has descended to plaintiffs as the heirs of the grantors.
Defendant contends that the deed conveyed a fee simple title with no limitations or conditions on the grant.
The deed, dated August 30, 1892, was: "Know All Men By These Presents: That, Anton Fuchs, and Annie Fuchs, of the County of Gasconade, in the State of Missouri, have this day, for and in consideration of the sum of One and no/100 Dollars to the said Anton Fuchs in hand paid by School District No. Fifty-One, Township No. 41, Range Five West, of the County of Gasconade, in the State of Missouri, Granted, Bargained and Sold, and by these presents do Grant, Bargain and Sell, unto the said School District on which to Keep and Maintain a Public School-House, the following described tracts or parcels of land, situated in the County of Gasconade, in the State of Missouri, that is to say:
"One Acre, bounded as follows: Commencing at the Northwest corner of the Southeast Qr. of the Northwest Qr. of Section No. Eleven, in Township No. Forty-One (41), Range No. Five (5) West; thence running South 8 Rods; thence East 20 Rods; thence *679 North 8 Rods and thence West 20 Rods to the place of beginning.
"To Have And To Hold The premises hereby conveyed, with all the rights, privileges and appurtenances thereto belonging or in anywise appertaining, unto the said School District No. 51, Twp. 41, Range 5 West, for the above purpose, forever, I, the said Anton Fuchs hereby covenanting to and with the said School District No. 51, Twp. 41, Range 5 West and its assigns, for himself, his heirs, executors and administrators to Warrant and Defend the title to the premises hereby conveyed, against the claim of every person whatsoever."
Plaintiffs contend that the language in the granting clause "on which to Keep and Maintain a Public School-House" and the language "for the above purpose" in the habendum clause, limited the estate conveyed to a determinable fee.
We are of the opinion that the deed conveyed a fee simple title without limitation or condition. The language relied upon by plaintiffs constitutes nothing more than an expression or declaration of the purpose for which the grantors expected the land to be used. The deed contains no express exception or reservation, no express limitation upon the duration of the estate conveyed, no express condition upon which the estate was conveyed, and no express provision for forfeiture, for re-entry, or for reverter.
Plaintiffs concede that there are no express terms in the deed which provide for a reverter in the event that a public school house is no longer kept and maintained. However, they contend that such intention is manifest from a consideration of the deed as a whole; that the words "on which to Keep and Maintain a Public School-House" and "for the above purpose" are "sufficient to create `a possibility of reverter' even though it (the limitation) may be lacking in completeness and precision," and that to "give force to a `possibility of reverter', the law implies a reverter as of necessity to effect the forfeiture." The difficulty with plaintiffs' contention is that there is nothing in the deed or in the evidence as to circumstances under which it was executed from which an intention to convey a determinable fee may be found. No words usually employed to create such an estate, like "until", "during", "so long as", are used, nor is any other language used in the deed expressing or indicating an intention to limit the title to a determinable fee. Chouteau v. City of St. Louis, 331 Mo. 781, 790[3], 791 [4], 55 S.W.2d 299, 301[3], [4]. This is not a case in which language has been used which, though not complete or precise, is sufficient to permit the court to find an intent to convey a determinable fee. Plaintiffs rely upon Koehler v. Rowland, 275 Mo. 573, 582, 205 S.W. 217, 219, 9 A.L.R. 107. That case on its facts lends no support to plaintiffs' position. The rule of construction there stated is a proper one, viz., "If the grantors fail to express their contract with completeness and precision, but the intention, nevertheless, clearly appears from the instrument, if its spirit and purpose are manifest from a consideration of the instrument as a whole, it will be given an interpretation in accordance with such intention." 205 S.W. 219. But this rule may not be applied to the instant deed. Here, there is no manifest purpose clearly appearing from the deed as a whole justifying the interpretation contended for by plaintiffs. We may not rewrite a deed in order to effectuate what conjecturally may have been the unexpressed intention of the grantors.
It is well established that language which merely states the purpose for which land is conveyed and which does not contain words which relate to time, does not create a determinable fee. Holekamp Lumber Co. v. State Highway Commission, Mo.Sup., 173 S.W.2d 938, 943[8, 9]; Chouteau v. City of St. Louis, supra; note, 44 L.R.A.,N.S., 1220, 1222(III).
It is true that the consideration expressed in the instant deed was $1. Consideration may be a proper circumstance to consider as an aid in determining the intention of the parties. The fact that the consideration was nominal might, in connection with language lacking in preciseness or in connection with other circumstances *680 surrounding the conveyance, be an important aid in determining whether a determinable fee was intended to be conveyed. But, as here, the fact of nominal consideration, standing alone, is not sufficient from which to find an intention to convey other than an unlimited fee.
Plaintiffs do not contend that the deed conveyed an estate upon condition subsequent. Clearly, it did not. Chouteau v. City of St. Louis, supra, 55 S.W.2d 301; Holekamp Lumber Co. v. State Highway Commission, supra, 173 S.W.2d 942[5-7].
We hold that the deed from Mr. and Mrs. Fuchs conveyed an absolute estate in fee simple; that defendant is vested with fee simple title to the described real estate; that plaintiffs have no right, claim, interest, or title in or thereto.
Judgment reversed with directions to enter decree and judgment in accordance with the views herein expressed.
VAN OSDOL and LOZIER, CC., concur.
PER CURIAM.
The foregoing opinion by COIL, C., is adopted as the opinion of the court.
All concur.