## UNITED STATES v. CERTAIN LAND SITUATE IN THE CITY OF CAPE GIRARDEAU, STATE OF MISSOURI, et al.

### No. 482.

District Court, E. D. Missouri, S. D.

July 3, 1947.

876

Drake Watson, U. S. Atty., of New London, for plaintiff.

R. P. Smith, of Cape Girardeau, for defendant City of Cape Girardeau.

I. R. Kelso, of Cape Girardeau, Mo., for intervener Iska W. Carmack.

A. M. Spradling, Jr., of Cape Girardeau, Mo., for interveners R. S. Lorimier and others.

HULEN, District Judge.

This case was instituted November 22, 1941, by the Government filing petition in condemnation. Litigating the right of the Government to condemn the tract which is part of a public park has delayed final disposition. After two decisions of the Court of Appeals and one of the Supreme Court the right of the Government to condemn is established. Disposition of the compensation to be paid for the land remains undetermined. That issue is now presented by the Government on oral motion for final judgment in condemnation and to include in the judgment a finding disposing of the compensation.

The petition in condemnation is in conventional form. Paragraph Six reads: "That funds are available to pay any award or awards which may be rendered in this proceeding for the condemnation of said land".

The prayer includes an allegation: " * * * in the event that upon confirmation of the report of the Commissioners or the verdict of the jury herein, the plaintiff herein shall cause payment to be made according to the award of the Commissioners * * *".

The return of the marshal indicates personal service only on officials of and the County and City of Cape Girardeau. The petition for order of publication contains this statement: "That in said petition and cause, the plaintiff prays for the appoint-ment of three disinterested freeholders, residents of the County of Cape Girardeau, as commissioners, or a jury, to assess the value of the said property in accordance with the laws and statutes in such cases made and provided; * * * to divest all persons of their right, title and interest in said real estate and invest in fee simple title absolute all said real estate as in said petition described, in this sovereign plaintiff, upon payment by it of the damages assessed * * *".

None of the parties of the class who claim an interest in the land condemned were served with process unless the order of publication in its broad terms covers them. On January 12, 1942, Iska W. Carmack filed answer challenging the right of the plaintiff to condemn. No pleading has been filed by the City of Cape Girardeau. On the issue made by answer of Iska W. Carmack trial resulted May 5, 1942. The history of the case thereafter is found in Carmack v. United States, 8 Cir., 135 F.2d 196; 8 Cir., 151 F.2d 881; and 329 U.S. 230, 67 S.Ct. 252. Following the opinion of the Supreme Court the Government served a "notice", dated May 13th, 1947, on attorneys for Iska W. Carmack, the City of Cape Girardeau, and others: " * * * that the plaintiff, the United States of America, and the defendant, City of Cape Girardeau, State of Missouri, will in the above entitled cause, on May 26, 1947 move the Court to enter Final Judgment in Condemnation as prayed for in plaintiff's amended petition and in accordance with the Stipulation entered into between these parties wherein it is stipulated and agreed to waive the appointment of commissioners and trial by jury for fixing the value of the land condemned in this cause and that full and complete just compensation will be made by the plaintiff by the delivery of a deed from the plaintiff to the defendant, City of Cape Girardeau, Missouri conveying the present Post Office and United States Court Building site in fee simple."

On May 26, 1947, the Government did orally move for a judgment substantially in accordance with the notice, exhibiting to the Court a "Stipulation" signed by the United States of America and the City of Cape Girardeau. The Stipulation covers

substantially the statements in the "notice". At that time Iska W. Carmack filed an answer "to motion for final judgment in condemnation". Only parts of the answer do we consider now pertinent to the question before the Court. It recites that " * * * any final judgment of condemnation will be premature absent the determination by this court of the issues of just and reasonable compensation to be paid for the taking of said property, the persons entitled to be compensated, and ordering the distribution of such compensation to such parties".

For the first time, R. S. Lorimier and others, on behalf of themselves and all parties similarly situated, representing they are the direct heirs of Louis Lorimier, who conveyed the tract condemned to the City of Cape Girardeau, filed an intervening petition in which it is alleged that: "the City and County of Cape Girardeau are not entitled to said compensation, but that said compensation is due interveners according to their respective interests".

To summarize, on a petition to condemn, totally lacking any statement on the part of the Government that the City of Cape Girardeau is solely entitled to compensation for the land condemned, without any pleading filed by the City of Cape Girardeau laying claim to compensation in its entirety of the land condemned, with intervening petition on file by the heirs of the grantor of the land claiming the compensation for the land condemned, with personal service only on public officials, the court is now presented with an oral motion by the Government to order (1) final condemnation, (2) that the City of Cape Girardeau is entitled to all the compensation for the land condemned, (3) that neither interveners nor any one else has any interest in the land, and (4) to approve the contract with the City of Cape Girardeau to exchange Government property in lieu of compensation for the land condemned.

The Court of Appeals in its first decision in this case said: "The purpose of the hearing resulted in the judgment appealed from, was to determine whether or not the Government was entitled to maintain the condemnation proceeding". 135 F.2d 196 loc. cit. 199.

That issue alone was settled by the decision of the Supreme Court. In a footnote in the Supreme Court [329 U.S. 230, 67 S. Ct. 254 ] opinion the Court took note of the existence of claim by the heirs of the grantor of the land to the City of Cape Girardeau but did "not reexamine it". The Government cannot proceed on the assumption that the question of who is entitled to the compensation has been determined.

■■■ Section 2 of the general condemnation act of 1888, 25 Stat. 357, 40 U.S.C.A. § 258, provides: "The practice, pleadings, * * * and modes of proceedings in causes arising under the provisions of section 257 of this title shall conform, as near as may be, to the practice, pleadings, * * * and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held * * *."

We find no authority in the laws of Missouri for the procedure requested by the Government's oral motion. Condemnation proceedings are actions at law. Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449.

There have been several hundred condemnation cases initiated by the United States Government in this Court to condemn land for various public projects. Prior to the Government's oral motion in the present case, it has been the invariable practice after the report of the commissioners to set a date for filing intervening petitions, to give notice of that date, and all parties failing to file claims or exceptions are by order thereafter barred. As to any claims filed, all interested parties have their day in court. In Cassville School Dist. v. McArtor, Mo.App., 286 S.W. 729, 731, proceedings were initiated to condemn land for school purposes. Exceptions were filed to the commissioners' report and an interplea. One of the assignments of error was that the court had overruled a motion to strike out the interplea on the theory that such procedure was in contravention of the statutory method of reviewing the report of the commissioners. On this subject the court said: " * * * it was 'within the power of the court to order the fund paid into court and to require all claimants to inter-

plead for it, or to permit any one claimant to maintain an action in the nature of an equitable garnishment against all other claimants.' *This is unquestionably the logical procedure to be pursued.* The petitioners in the condemnation proceeding are not interested in the disposal of the fund which they have paid in upon the report of the commissioners, *and the proper disposal of that fund is entirely independent of the condemnation proceedings. * * * The sole question relates to the question of the party to whom the * * * fund belongs, which proposition in no manner affects the condemnation proceedings or the rights and liabilities of the petitioners."* (Emphasis added.)

No facts are of record which in our opinion justify departure in this case from the usual procedure. Plaintiff's oral motion, accompanied by the "Stipulation" entered into with the City of Cape Girardeau, is not a basis for the judgment requested, nor do we think a pleading in the usual form on the part of plaintiff and the City of Cape Girardeau would sustain the request.

Further objection to the procedure now sought by the Government is obvious when the result is considered. Assume this Court should hold on the present state of the record that the City of Cape Girardeau (absent any pleading) has such title in the park property as will support the Stipulation with the City to the end that the City may accept the present Government building as compensation in full for the property condemned, and that interveners have no compensable interest in the park property, and enter judgment accordingly. Would such judgment be final and appealable? Interveners have been given no hearing. If on appeal the higher court should differ with our conclusions, the case must be remanded for further proceedings to determine the amount of compensation due interveners. On the other hand, assume we should find that the interveners are entitled to the compensation for the property to be condemned. Would such a finding at this stage of the proceeding be a final order and appealable? We strongly feel this case has been in court long enough. It should be put in condition for final disposition in our opinion. In

Catlin v. United States, 1945, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911, the right of the Government to condemn was at issue. In disposing of a jurisdictional question the Court discusses what is a final decision in a condemnation case, and concludes: "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. * * * Hence, ordinarily in condemnation proceedings appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights, including ownership and just compensation, as well as the right to take the property. This has been the repeated holding of decisions here." 324 U.S. loc. cit. 233, 65 S.Ct. 633, 89 L.Ed. 911.

The Government's oral motion is a request that the Court now determine the City of Cape Girardeau, who has made no claim to compensation of record, is entitled to the entire compensation for the tract of land being condemned, and to make this determination at the threshold of the case and as part of the order of condemnation. We are also called upon to approve a contract for transfer of Government property in lieu of money on the hypothesis that such exchange would constitute a fair compensation and proper conveyance. This procedure can have no lawful basis in our opinion. It denies the interveners their day in court. It will complicate the record and prolong this litigation.

This is not to hold, if it is ultimately determined that title to the property to be condemned is in the City of Cape Girardeau to the extent that the City of Cape Girardeau is solely entitled to compensation for its taking, that the City and the United States Government cannot then settle as between themselves the obligation of the Government, on such terms as the Government and the City agree upon. We doubt that this Court has any jurisdiction in this case to pass upon such a settlement but determination of that question is not called for at this time. There is now no question of the right of the Government to condemn and the sole question remaining in this case is who is entitled to compensation for the property to be condemned. The statutes

provide how such compensation "shall" be determined and to whom it shall be paid. Let the statutes be followed.

The Government may submit an order awarding it a preliminary judgment of condemnation in this case.[1]

---

[1] See 329 U.S. loc. cit. 247, 67 S.Ct. 260, 89 L.Ed. 911: "On the present record, the petitioner was entitled to a preliminary judgment of condemnation."