## CARMACK v. UNITED STATES et al.

### No. 13928.

United States Court of Appeals
Eighth Circuit.

Oct. 27, 1949.

Rehearing Denied Dec. 19, 1949.

I. R. Kelso, Cape Girardeau, Mo., (Homer Hall, St. Louis, Mo., was with him on the brief), for appellant.

Harold S. Harrison, Attorney, Department of Justice, Washington, D. C. (A. Devitt Vanech, Assistant Attorney General, Drake Watson, United States Attorney, Charles J. Hughes, Special Assistant to the United States Attorney, St. Louis, Mo. and Roger P. Marquis, Attorney, Department of Justice, Washington D. C., were with him on the brief), for appellee United States of America.

R. P. Smith, Cape Girardeau, Mo., for appellee City of Cape Girardeau.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to review a final judgment of condemnation entered at the instance of the United States on October 11, 1948, in proceedings instituted by the United States in November, 1941, to condemn certain land in Cape Girardeau, Missouri, for use as a United States Post Office, Customhouse and Court Building. The site was a city park upon which were located a court house, city library and bandstand, the land having been conveyed to Cape Girardeau by deeds executed in 1807 and 1820 which limited the use to public purposes. Iska W. Carmack, an heir of the donor of the property and a taxpayer and property owner in the city, sought to contest the proceeding but on the first trial was held by the District Court not to have standing to maintain the defenses asserted by her. This court, without deciding as to the extent of her interest, deemed it sufficient to require trial of her claim that the condemnation was unauthorized and illegal and reversed in Carmack v. United States, 1943, 135 F.2d 196, with remand to the District Court. There the petition for condemnation was amended and trial was had, resulting in a decree dismissing the petition. This court affirmed, United States v. Carmack, 1945, 151 F.2d 881, but on December 9, 1946, the Supreme Court reversed and remanded the case to the District court, holding that "the petitioner was entitled to a preliminary judgment of condemnation." United States v. Carmack,

1946, 329 U.S. 230, 67 S.Ct. 252, 260, 91 L. Ed. 209.

After remand of the case a stipulation was entered into between the United States and the City of Cape Girardeau which undertook to waive appointment of commissioners and called upon the court to adjudicate that the City was the only party entitled to compensation for the taking of the land and agreeing that the City should accept from the United States the present Federal Building and the land on which it is located in satisfaction of its claim. The United States orally moved for judgment in accordance with the stipulation but the court concluded that the amount of the damage for the taking should be determined by commissioners and that the rights of claimants to the award should be thereafter determined. United States v. Certain Land Situate in City of Cape Girardeau, D.C.1947, 72 F.Supp. 875.

Thereafter on October 15, 1947, a declaration of taking was filed by the United States, $1.00 was deposited as estimated compensation and preliminary judgment of condemnation was entered on October 16, 1947, declaring that "the title to the land in fee simple absolute vested in the United States" and the right to just compensation is "vested in the persons entitled thereto". On December 12, 1947, the petition for condemnation was amended by adding the allegation that the City was the only party having a legally compensable interest in the land.

On March 3, 1948, the commissioners appointed by the court to assess the damages reported that they found the value of the property taken to be $35,000.00. On March 16, 1948 (apparently within the time required by Missouri Statute), Iska W. Carmack and three others who were intervenors filed exceptions to the commissioners' report and award of damages and demanded jury trial on the amount of damages. The government on the same day filed its motion to strike the exceptions on the ground that none of the parties excepting were owners of the land or of any part thereof, and therefore they were not entitled to except to the award. A hearing was had on July 14, 1948, upon all issues then undisposed of relative to the question whether the award of the commissioners should be adjudicated to be due to the City of Cape Girardeau and affirmed as requested by the government and the City, or whether the case should proceed with a jury to assess the amount of damages. After full hearing the court entered findings of fact and conclusions of law and final judgment.

By the terms of the judgment the City of Cape Girardeau was adjudged to be entitled to the whole amount of the damages awarded by the commissioners and it was held that Iska W. Carmack and others similarly situated were not owners of the land taken and had no title or interest to support a claim to any part of the compensation and were without standing to contest the amount of the award. The judgment affirmed the Report of the Commissioners.

The written opinion of the trial court filed in connection with the judgment is reported under the title United States v. Certain Land in the City of Cape Girardeau, Missouri, D.C., 79 F.Supp. 558. Iska Carmack alone has appealed.

### Opinion.

The appellant has devoted a large part of her brief and argument in this court to the contention made in the trial court and repeated here, that the United States was without right to take the public property here in question by means of these condemnation proceedings. Her position was and is, that the agreement between the United States and the City under which compensation for the property condemned was to be settled by transfer to the City of the land and Post Office building thereon in Cape Girardeau belonging to the United States, was invalid and prohibited by the limitations contained in the deed under which the property condemned was held. She contended that the condemnation proceedings were an attempt to accomplish by indirect means an exchange of properties which could not lawfully be made directly and that the condemnation proceedings should be dismissed.

As shown by its opinion, the trial court having considered all of the defenses

that had been and were asserted against the taking by condemnation, held that "The defense of exchange of properties was substantially raised before the Supreme Court and without success. That ruling [that 'the petitioner is entitled to a preliminary judgment of condemnation'] is res judicata"; 79 F.Supp. at page 562, and examination of the whole record convinces that this conclusion of the trial court is without error. It is clear from the several opinions of the trial court that have been rendered in these proceedings (of which we have cited those that were published) and the two opinions of this court and the opinion of the Supreme Court that the question whether there was any defense to the taking of the lands in question by the United States in the condemnation proceeding was fully and completely litigated and finally settled against appellant by the decision of the Supreme Court. Appellant's contention that a substantial part of the opinion of the Supreme Court which the District Court was ordered to follow could be treated as obiter dictum is without merit. The declaration of the Supreme Court on page 246 of the opinion in 329 U.S. on page 260 of 67 S. Ct., 91 L.Ed. 209 that,

"These federal officials had the right, if not the obligation, to consider at this time the necessity of disposing of the present post office site and of the single purpose governmental building thereon. That issue inevitably would confront the Government at some time if a new site were chosen. The opportunity to exchange or sell the present site to the City in connection with the acquisition of the park site for a new post office was, therefore, a reasonable rather than a capricious consideration",

was made by the court in view of, and we do not doubt on full consideration of all the attempted defenses which the trial court has grouped together in its reference to "the defense of exchange of properties". Those defenses, as well as the others raised, were all elaborately urged upon the Supreme Court in the brief filed with it for the present appellant. The decision of the Supreme Court and the mandate thereon made it obligatory upon the trial court to

enter its judgment of preliminary condemnation as it did. The only matters left open for the District Court after receiving the mandate of the Supreme Court were to fix the amount of compensation and determine and make distribution thereof to those entitled.

■ The trial court's decision to have the damages assessed in the first instance by appointed commissioners is not here in question. The record shows no exception taken by appellant to the choice of commissioners or to the instructions given them and the government and the City acquiesce in the award as made.

We conclude on examination of the whole record that the question controlling decision on this appeal is the question whether the appellant was an owner entitled to compensation for the taking of the lands in question and had standing as an owner to contest the amount of the award. If she was such an owner she would plainly have the right to jury trial of the amount as requested by her. But if she was not she had no standing under federal or state statutes to impose the burden of such a trial upon the court, the plaintiff or the real owner. The issue had not been finally settled in any prior proceedings in the case but was directly presented to the trial court by the government's motion to strike appellant's exceptions to the commissioners' award and request for jury trial. The court rightly accorded a full hearing upon the claim as it had been asserted on one side and denied on the other throughout the litigation, that appellant and others similarly situated were owners entitled to share in the compensation for the taking.

■ The pleadings and evidence make it clear that the claim of ownership in the heirs of the original grantors of the lands to Cape Girardeau was rested on their interpretation of the terms and effect of the grant made by their ancestor. The court concluded that the terms of the grant were such that the grantors divested themselves of ownership of the land forever and though the grantee received the land in trust to be used for a public purpose, there

was no condition subsequent that even on violation of the trust any right of ownership would revert to the grantors. The court also considered that there was no violation of trust on the part of the City in respect to the land because the taking of the land was by condemnation upon compensation awarded and not by any conveyance or grant of the City. The court's opinion reflects careful study of the applicable law of Missouri and its conclusion that the heirs of the grantor had no ownership is fully sustained by the cases cited.

The City's ownership and exclusive right to all the compensation awarded for the taking follow as indicated by the trial court from application of the same law which settles the lack of any ownership on the part of the grantor's heir. The City was in unquestioned sole possession of the land under the grant to it for more than a hundred years and was the party damaged by having the land taken from it. As the heirs were not owners they had no right to compensation and no standing to contest the amount of the award by the commissioners.

We find no error in the judgment denying the appellant's claim of ownership, affirming the award and allotting the compensation fixed thereby to the City.

Affirmed at cost of appellant.