## MORRILL *et al.*, *Appellants*, v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY.

1. **Railroad**: RIGHT OF WAY: FORFEITURE STATUTE: CORPORATE ASSETS. Where under Revised Statutes, section 825, the corporate powers of a railroad cease because of its failure to complete and put the road in operation within ten years, and a decree of forfeiture to that effect is rendered against it, still its unsold property would vest in the directors for the purpose of paying its debts and for distribution among its stockholders.

2. ———: ———: ———. So where its right of way was sold before forfeiture, the title thereto would not revert to the original grantor.

3. **Deed to Railroad for Right of Way**: CONSTRUCTION OF CONDITION SUBSEQUENT. A deed to a railroad for a right of way recited that it was made to the grantee, its successors and assigns in consideration of the benefits and advantages arising from the location, construction and operation of the railroad, and of the sum of one dollar, and that "this agreement is made for the location, construction and maintenance of said railroad and for that use and purpose only, and this license to operate in perpetuity if said railroad company, its successors and assigns shall continue to maintain and operate their railroad and to cease with the *non-use* of the same for such purpose." *Held* that the deed will not be construed as made upon a condition that the road should have been built over the entire charter route of the grantee, and the failure to so build it will not therefore work a forfeiture of part of the right of way built on.

4. **Deed**: CONDITION SUBSEQUENT. Conditions subsequent in deeds are not favored in law and are strictly construed.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

AFFIRMED.

*M. L. Gray* for appellants.

(1) Article 2 of the corporation law is a part of the charter of the St. Louis County Railroad, as much so, in fact, as if all its provisions were incorporated in its articles of association. 1 Wag. Stat., sec. 1, p. 296 ; R. S. 1879, secs. 764, 824. (2) The alleged consent and acquiescence of Robert Forsyth, and plaintiffs, after his death, in the possession of the St. Louis County Railroad, and the work done by it and defendant is no estoppel. (3) The deed of Robert Forsyth was a grant, on condition to be subsequently performed, the non-performance of which entitled him or his heirs to make an entry and declare a forfeiture. For a breach of the condition plaintiffs had a right to reënter and declare a forfeiture and bring suit. Pierce on Railroads, 136 ; 4 Kent (12 Ed.) top page 126 ; *Messersmith v. Messersmith*, 22 Mo. 372 ; *Adams v. Lindell*, 5 Mo. App. 208, 209 ; affirmed in 72 Mo. 198 ; *Railroad v. Hood*, 66 Ind. 583, 584; *Iron Co. v. Erie*, 41 Pa. St. 341 ; *Nicoll v. Railroad*, 12 N. Y. 121, 130, 136 ; *Clark v. Holton*, 57 Ind. 564, 567 ; *Ludlow v. Railroad*, 12 Barb. 440 ; *Tinkham v. Railroad*, 53 Barb. 393 ; *Underhill v. Railroad*, 20 Barb. 455 ; 2 Washb. (5 Ed.) 12 to 24. (4) The condition was an entirety and must be wholly performed, except so far as the statute apportions it. 1 Story on Cont. (5 Ed.) sec. 26 ; 2 *Id.* sec. 1330 ; *Kinkham v. Railroad*, 53 Barb. 396.

*Jos. Dickson* and *H. S. Priest* for respondent.

(1) Plaintiffs in this case cannot insist upon a forfeiture of the charter of the. St. Louis County Railroad Company. *Railroad v. City*, 66 Mo. 228 ; *Kinealy v. Railroad*, 69 Mo. 658 ; *Martindale v. Railroad*, 60 Mo. 508 ; *Railroad v. Ruggles*, 7 Ohio St. 10. (2) The plaintiffs cannot recover in this action. *Provolt v. Railroad*,

57 Mo. 256 ; *Baker v. Railroad*, 57 Mo. 265 ; *Kanaga v. Railroad*, 76 Mo. 213 ; *McCauly v. Railroad*, 33 Vt. 311. (3) The plaintiffs cannot complain that the railroad of respondent was located in a curve upon the right of way conveyed in the deed, or that by making a curve in the location of its railroad it extended outside of parallel straight lines, in a northwesterly direction through the plaintiff's land ; because their ancestor stood by, not only witnessing the location of the road in that manner through his farm, but officially participating in such location. He would be estopped by such conduct from disputing such location, and his devisees and heirs at law would be equally bound by his acts.

BLACK, J.—The plaintiffs, who are the heirs and devisees of Robert Forsyth, brought this action of ejectment to recover possession of a strip of land from thirty to forty feet in width extending from Union avenue to Forsyth Junction, in the city of St. Louis, a distance of about thirty-five hundred feet. The agreed facts are in substance these : On the seventeenth of November, 1871, Robert Forsyth conveyed the strip of land in question, it being a part of a large tract, to the St. Louis County Railroad Company for a right of way. This corporation was organized August 25, 1871, under the general laws of this state, to build and operate a railroad from the city of St. Louis to Creve Coeur creek, a distance of sixteen miles. This company made its surveys and located its road and filed a plat thereof according to law before April 15, 1872. It then took possession of the property in question, as a part of its right of way, and between that date and November, 1873, expended some thirty thousand dollars on its entire line in the construction of its railroad. Robert Forsyth was a director and a member of the executive committee during this time and to his death in November, 1873.

This company became insolvent and unable to complete its road, and on August 11, 1875, conveyed the

right of way in question to the St. Louis, Kansas City & Northern Railway Company, a corporation operating a road from the Union Depot in St. Louis to Kansas City. The last-named company took immediate possession of the strip of land in suit, completed a railroad thereon, and it and the present defendant have ever since owned and operated the same. In the same year, 1875, the heirs of Forsyth conveyed to the St. Louis, Kansas City & Northern Railway Company an additional strip, fifteen feet in width. The last-named company and the present defendant were consolidated in 1879.

The defendant's road extends westward from Forsyth junction to St. Charles and thence to Kansas City; so that from Forsyth junction to Creve Coeur creek, a distance of ten miles, no railroad has ever been constructed on the line of the St. Louis County Railroad. On the twenty-seventh of August, 1881, the plaintiffs served defendant with notice of reëntry and forfeiture, and then commenced this suit. They contend that the deed from their ancestor to the St. Louis County Railroad Company became inoperative by force of section 823, Revised Statutes, 1879; and also that there has been a breach of the conditions subsequent in that deed. Section 823 provides, that if any railroad company "shall not finish its road and put it in operation in ten years from the time of filing its articles of association, its corporate existence and powers shall cease, provided, that if a portion of their road shall be finished and in operation, they shall continue their corporate existence, with power to hold and manage the portion of their road so constructed, and for no other purpose."

Suppose that under this statute the corporate powers of the St. Louis County Railroad Company ceased, because of its failure to complete and put in operation any part of the road within ten years, that it thereby forfeited its franchise to be a corporation; and suppose

further that a decree of forfeiture had been duly pronounced, still its unsold property would vest in the directors for the purpose of paying its debts and for distribution among the stockholders. R. S. 1879, sec. 744; *McCoy v. Farmer*, 65 Mo. 244; *Powell v. Railroad*, 42 Mo. 63. So, if its right of way or any part thereof had been sold before the forfeiture, the title to the part sold would not revert to the original grantor simply because the St. Louis County Railroad Company had ceased to be a corporation.

If the plaintiffs have any right to the possession of the property in suit, it is because there has been a breach of the conditions subsequent in the deed of their ancestor. The deed purports to be made "in consideration of the benefit and advantages arising from the location, construction and operation of the St. Louis County Railroad and of the sum of one dollar." The conveyance is to the company, "its successors and assigns." The deed contains this additional stipulation : "This agreement is made for the location, construction and maintenance of said railroad, and for that use and purpose only, and this license to operate in perpetuity if said railroad company, its successors and assigns, shall continue to maintain and operate their railroad, and to cease with the non-use of the same for such purpose."

Now we have seen that the St. Louis, Kansas City & Northern Railway Company built a railroad over the right of way to the Union Depot in St. Louis in 1875, three years after the date of the deed ; and it and its successor have ever since operated the same. At the date of the deed from the St. Louis County Railroad Company to the St. Louis, Kansas City & Northern Railway Company the title to the right of way was in the former company. The lines of the two companies connected at Forsyth junction. The power of the St. Louis County Railroad Company to dispose of its right of way from there to the Union Depot, six miles, for

railroad purposes is not disputed.   It follows that the only possible ground upon which plaintiffs can succeed is, that the conditions call for the construction and operation of a railroad also from Forsyth junction to Creve Coeur creek ; and that the construction and operation of a road over the six miles is not a compliance with them. In making this claim, the plaintiffs contend that the deed must be read in the light of the law, which constituted the charter of the St. Louis County Railroad Company.   Let this be conceded ;  then it appears that the company could have built the six miles only, and if it had done no more, it would  still  be a corporation as to that six miles, even as against the state, and would have been and continued to be the rightful owner of the right of way in question.   If that company could retain the right of way in question with  only six miles of its road constructed, no reason is seen  why the defendant may not do the same.

Again,  conditions. subsequent  are not favored in law, and are construed  strictly,  because  they tend to destroy  estates.  4 Kent Com. [10 Ed.]  150.   When relied on to work a forfeiture, they must be created in express terms or by clear implication.   1 Wash. on Real Prop. [3 Ed.] 469.   Keeping these rules in view,  we are of the opinion that  this  deed  cannot be construed as upon a condition that the road  shall  be built for the entire charter route of the grantee.   No such a condition is created in express terms, nor does it appear by clear implication.   The fair  construction of the deed is that the property conveyed must be used for the construction and  operation of a railroad  thereon.   This deed is not unlike those generally used for granting a right of way to railroad companies, and we are not cited to nor are we aware of any adjudicated case which would give to this deed the construction contended for by the plaintiffs.

Our conclusion is that  the conditions in this deed

have been performed by the grantee of the St. Louis County Railroad Company, and that the plaintiffs have not shown any right whatever to the possession of the property in question ; and the judgment is affirmed. RAY, J., absent. The other judges concur.