Richard S. DUNCAN, Lily Duncan Cox, Donald Richard Duncan, Jean Martha Duncan, Barbara Duncan Kaufman and Verna K. Duncan, Appellants,

v.

ACADEMY OF THE SISTERS OF THE SACRED HEART AT ST. JOSEPH, MISSOURI, a Corporation, Respondent.

No. 48525.

Supreme Court of Missouri,

Division No. 1.

Nov. 13, 1961.

---

Dale, Potter & Flynn, by Whitney W. Potter, St. Joseph, for appellants.

Morton & Morton, by W. M. Morton, St. Joseph, for respondent.

COIL, Commissioner.

Appellants brought an action in the trial court for a judgment declaring that certain real estate in the City of St. Joseph had reverted or should revert to them by reason of a deed provision and, in the alternative, praying for injunctive relief. The trial court sustained defendant's motion to dismiss and plaintiffs have appealed from the ensuing judgment.

Plaintiffs averred that they were all the living bodily heirs of Frederick and Jane Smith, who were the grantors in a deed dated January 20, 1854, which, for a consideration of $630, conveyed three acres and 26 poles of land to Ann Shannon, a Catholic nun, upon this condition: "Provided however and these presents are upon this express condition that she the said Ann Shannon shall hold said land for the sole use and benefit of the order of the sisters of the Sacred Heart of the City of St. Joseph in the County and State aforesaid and for no other use or purpose whatever." Plaintiffs alleged further that Ann Shannon had purchased the property as trustee for the defendant, respondent here, The Academy of the Sisters of the Sacred Heart of St. Joseph, Missouri, a corporation, which became the owner of said property and that Ann Shannon was one of the incorporators; that thereafter defendant constructed a school for girls known as the Convent of the Sacred Heart on the land in question and had continuously to date operated such school thereon; that at the time of the filing of the petition defendant was negotiating with purchasers or lessees for the purpose of selling or leasing said premises, and that defendant had consummated plans to build a new girls school at another location and intended "in the meantime to turn the aforesaid premises over to another Order of Catholic Sisters, and has threatened to do, or has done, the above and other acts in violation of said express condition in the aforesaid deed * * *."

The prayer of the petition was for a judgment declaring that the provision in the deed constituted "a conditional limitation or a conveyance on condition subsequent, creating a determinable fee simple estate that would cause a reversion of said property to plaintiffs herein, who constitute all of the heirs of Frederick W. and Jane Smith," and that the court hold either that the property had reverted to plaintiffs by operation of law or order that said property revert to plaintiffs, or if the court found that the deed provision constituted a restrictive covenant running with the land to permanently enjoin defendant from using the premises in question in any way other than that authorized by the deed, and that if, in the meantime, there had been a lease or sale or any other use of the premises in violation of the terms of the restriction to order a cancellation of any such instrument and place the premises in the same condition as prior to the act constituting any such violation.

Defendant's motion to dismiss was on the ground that the petition failed to state a claim upon which relief could be granted for the ascribed reasons that the deed provision in question did not convey a fee simple determinable and did not constitute a restrictive covenant running with the land and that, in any event, the covenant,

whatever its nature, had run beyond a reasonable time and was no longer of any binding effect and that plaintiffs, by reason of the provision, had no right, title, or interest in the real estate and no right to maintain this action; and, on the further ground that the issues presented by plaintiffs' petition theretofore had been fully and finally adjudicated adversely to plaintiffs in a quiet title suit determined in 1911.

As we understand, it is plaintiffs' position on this appeal that the deed in question conveyed a determinable fee or an estate upon condition subsequent, but, if not, the deed provision in question constituted a restrictive covenant running with the land which entitled plaintiffs to the injunctive relief sought. For the reasons which follow, we are of the view that the trial court correctly dismissed plaintiffs' action.

In the banc case of Chouteau v. City of St. Louis, 331 Mo. 781, 55 S.W.2d 299, 300, the court had before it for construction a deed whereby Messrs. Lucas and Chouteau conveyed land to three commissioners who had been appointed by the Missouri legislature to select a proper site for a courthouse in St. Louis and to receive proposals for the donation of a block of land therefor. The deed in pertinent part was: "Now Therefore Know all men by these presents that we Auguste Chouteau & Therese Cerre Chouteau his wife and John B. C. Lucas all of the City of St. Louis and State of Missouri do by these presents give, grant, Transfer Quit Claim and forever Set over to John C. Sullivan, Justus Post and Joseph V. Garnier the present Justices of the County Court of the County of St. Louis and to their Successors in office forever in Trust and for the use of the County of St. Louis all our Right, Title, Claim, interest, and estate in and to the above described Square of ground Situated and bounded as above Recited with all and Singular the privileges and appurtenances to the Same in any wise appertaining, but upon this Condition nevertheless that the Said piece of ground by these presents given and Conveyed shall be used and appropriated '*for-*

*ever*' as the Seite on which the Court house of the County of St. Louis Shall be erected." 55 S.W.2d 300.

■ The questions before the court were whether that deed conveyed either a determinable fee or an estate upon condition subsequent. In determining that that deed did not convey a determinable fee the court said (55 S.W.2d 301 [3] [4]): "In a determinable estate the condition is incorporated into and forms part of the limitation (grant). Goodeve: Modern Law of Real Property (3d Ed.) p. 180. The grant in such a case is not upon a condition subsequent, and no re-entry is necessary; but by the terms of the grant the estate is to continue until the happening of some event. And upon the happening of said event, the estate will cease and determine by its own limitation. The proper words for the creation of such an estate are, 'until,' 'during,' 'so long as,' and the like. Thompson on Real Property, § 2105, pp. 170, 171. Challis: Real Property, 1885, p. 206.

" * * * 'the deed under consideration uses none of these words, nor does it use any other expression indicating an intention to cut the title to a base or determinable fee, nor is there any clause in the deed providing for a reverter. The conveyance of "all of their right, title, claim, interest and estate", by the grantors directly negatives the idea of a reverter. The grant was forever, and not "so long as", "while", "during" or "until." '

"Plaintiff argues that the words of condition following the habendum clause of the deed is an expression indicating an intention to convey a determinable fee. We do not think so. The condition follows: ' * * * But upon this Condition nevertheless that the Said piece of ground by these presents given and Conveyed shall be used and appropriated *"forever"* as the Seite on which the Court house of the County of St. Louis shall be erected.' The words 'upon condition' may be used to form a part of a limitation (grant) and thereby convey a determinable fee. But in this

deed said words introduced a new clause. 3 Thompson, Real Prop., § 1966. They were superadded to the limitation of the estate. Goodeve: Modern Law of Real Property (3d Ed.) p. 180; 1 Tiffany: Real Prop. (2d Ed.) § 90. It follows that the deed did not convey a determinable fee."

The foregoing language is applicable to and decisive of plaintiffs' contention in the present case that the deed in question conveyed a determinable fee, for, as in the Chouteau case, the present deed used no words considered proper for the creation of such an estate, such as "until, during, so long as," or the like; and, as in the Chouteau case, there was no clause in the present deed providing for a reverter; and, as in the Chouteau case, the words of condition in the present deed formed no part of the grant but, as in the Chouteau case, introduced a new clause and were superadded to the limitation of the estate. See also Holekamp Lumber Co. v. State Highway Commission, Mo., 173 S.W.2d 938, 943 [8, 9], and Fuchs v. Reorganized School Dist. No. 2, Gasconade County, Mo., 251 S.W.2d 677, 678.

We hold that the deed in question did not convey a determinable fee.

■■ The court en banc, in the Chouteau case, supra, in holding that the deed there did not convey an estate upon condition subsequent, pointed out that the distinctive characteristic of such an estate is the existence of a provision for an entry upon breach of the condition stated and the consequent necessity for a provision in the deed for re-entry, either express or implied, upon the happening of the event. The court then pointed out that there was no express provision for a re-entry in the Chouteau deed and, concerning the circumstances under which a condition subsequent will be implied, said (55 S.W.2d 301): "In Haydon v. St. Louis & S. F. Railroad Co., 222 Mo. 126, loc. cit. 139, 121 S.W. 15, 18, quoting in part from Studdard v. Wells, 120 Mo. 25, 25 S.W. 201, we said:

" ' " * * * It is a familiar rule often asserted in the books that conditions subsequent are not favored in the law, because they have the effect in case of breach to defeat vested estates; and, when relied upon to work a forfeiture, they must be created in express terms or by clear implication. 2 Wash. on Real Prop. (5th Ed.) 7; Morrill v. [Wabash, St. L. & P.] Railroad, 96 Mo. 174, 9 S.W. 657. And courts will construe clauses in deeds as covenants rather than conditions, if they can reasonably do so. 2 Wash. on Real Prop. (5th Ed.) 4. It is also true that the question whether a clause in a deed is a condition or a covenant is one of intent to be gathered from the whole instrument by following out the object and spirit of the deed or contract. [City of] St. Louis v. Wiggins Ferry Company, 88 Mo. 615, 618. * * *"

" 'In addition to the general principles outlined above, we may add that it is familiar doctrine that forfeitures (putting it with mildness) are not favored in equity, and that (while not controlling) it is not entirely without significance that there is no express provision making the subsequent standing of cars on the switch a condition subsequent, or a mutual dependent covenant, nor is there shown to be any clause of reverter in the deed, and we are left to an interpretation of the contract by the good sense of the thing in the light of its subject-matter and language used.'

"And in Catron v. Scarritt Collegiate Institute, 264 Mo. 713, loc. cit. 723, 175 S.W. 571, 572, we also said:

" 'While a condition subsequent may be inserted in a conveyance of lands in fee without using express terms of reverter upon the breach of such condition, if the deed in its entirety and the circumstances attending its execution demonstrate that the object of the grantors was to cause a reversion of the estate upon the subsequent happening of a lawful condition, yet no such conclusion will be drawn, if it may be avoided by any other reasonable

construction of the language of the deed. This is the settled policy of the law, the reason of which is that estates once vested in fee ought not be uprooted, except upon proof of the happening of a lawful condition attached to the continuance of the estate by the terms of the deed, and further proof that it was the intention of the grantor in making the conveyance that it should revert when this condition ceased to exist.'

"To the same effect, German, etc., Church [of Holy Ghost] v. Schreiber et al., 277 Mo. 113, loc. cit. 127, 209 S.W. 914."

In the present case, as in the Chouteau case, there was no express provision for re-entry and there was no provision for a forfeiture from which a right of re-entry could be implied. Nor does any fact or circumstance averred in the petition support a conclusion that grantors intended that the failure of defendant to continue forever to operate a school on the land in question would work a forfeiture and cause a reversion of the estate to heirs of the grantors. And in considering whether the parties intended the deed provision as a condition subsequent, we point out that the conveyance in question did not constitute a gift of land as in the Chouteau case, but rather was a sale of land for a recited consideration of $630 for three acres and 26 poles of land. While there is no evidence as to the value of the land in question at the time of the conveyance, and while we may not take judicial notice of any particular value, we can and do take judicial notice of the fact that $630 for a little more than three acres of land in the City of St. Joseph in 1854 (the city's charter was granted in 1851) was not a purely nominal consideration.

In Holekamp Lumber Co. v. State Highway Commission, supra, plaintiff alleged that he had donated to the defendant Highway Commission a 10-foot strip of land along the entire frontage of plaintiff's property "upon the consideration and condition that said strip of land would be used as a part of said highway for highway purposes at the then existing grade of said highway and according to the then existing plans of the defendant for said Highway 30 abutting plaintiff's said property." 173 S.W.2d 939. Plaintiff contended that inasmuch as the highway department had failed to use the ten feet to develop the road in accordance with the plans existing at the time of the conveyance but had changed the grade of the highway and did not use the ten feet as provided, the strip reverted to the plaintiff free of any burden of user in the highway commission. This court, in deciding that the clause relied upon by plaintiff did not create an estate or easement on condition subsequent, said (173 S.W.2d 942 [5–7]): "The question whether a clause in a deed (or contract) is a condition subsequent or a covenant is one of intent to be gathered from the whole instrument by following out the object and the spirit of the deed or contract. City of St. Louis v. Wiggins Ferry Co., 88 Mo. 615; Haydon v. St. Louis & S. F. R. Co., 222 Mo. 126, 121 S.W. 15. ' * * * conditions subsequent are not favored in law, and are construed strictly, because they tend to destroy estates. * * * When relied on to work a forfeiture, they must be created in express terms or by clear implication. * *' Morrill v. Wabash St. L. & P. Ry. Co., 96 Mo. 174, 9 S.W. 657, 659. This is the universal rule. University City v. Chicago R. I. & P. R. Co., supra [347 Mo. 814, 149 S.W.2d 321]; Haydon v. St. Louis & S. F. R. Co., supra; Catron v. Scarritt Collegiate Institute, 264 Mo. 713, 175 S.W. 571; German Evangelical [etc.], Church [of Holy Ghost] v. Schreiber, 277 Mo. 113, 209 S.W. 914; Chouteau v. City of St. Louis, 331 Mo. 781, 55 S.W.2d 299; Bagby et al. v. Missouri-Kansas-Texas R. Co., [351] Mo. [79], 171 S.W.2d 673. Plaintiff has not alleged that the grant contained express terms that a breach of the condi-

tion should work a forfeiture, or any provision for a reverter of the fee (or of the use) upon the breach of the condition, or any provision, we believe, from which an intention that there should be a forfeiture may be clearly implied."

In the present case there was no express provision for re-entry, and it may not be clearly implied that the parties to the deed intended, in the event defendant found it desirable to move its school after more than 100 years and lease or sell the present site or permit another religious body to use its property, to cause defendant to forfeit its land and to cause the fee to revert to heirs of the 1854 grantors.

Looking for "the good sense of the thing in the light of its subject-matter and language used," we are of the opinion that the deed in question did not convey an estate upon condition subsequent.

■ For the purpose of determining whether plaintiffs are entitled to injunctive relief, we shall assume, as plaintiffs contend, that the condition in the deed constituted a restrictive covenant which ran with the land and that under proper circumstances equity would afford injunctive relief to prevent a violation of that covenant. Making those assumptions, the insurmountable difficulty with plaintiffs' position is that the averments of their petition show that they base their right to injunctive relief solely upon the proposition that they are heirs of the original grantors; they do not aver or contend that they are the owners of or have any interest in any estate which was or might be benefited by the continued enforcement of the restrictive covenant or, conversely, that they have any interest in any estate which might be damaged or adversely affected by the averred violations or threatened violations of the restrictive covenant.

We point out that we have heretofore held that plaintiffs, as the sole heirs of the original grantors, have no right to a revesting of title in them, i. e., we have held that the deed did not convey a determinable fee or an estate upon condition subsequent. Consequently, if plaintiffs are entitled to injunctive relief it must be because some interest they own in some estate will be adversely affected by the violations or the threatened violations averred in their petition. Not only do plaintiffs fail to allege any such interest but their averments demonstrate that they claim solely by virtue of their heirship and thus they are not entitled to injunctive relief. Toothaker v. Pleasant, 315 Mo. 1239, 288 S.W. 38, 42–48; Coughlin v. Barker, 46 Mo.App. 54.

■ Furthermore, the granting of injunctive relief to enforce the provisions of a restrictive covenant, like the granting of relief by specific performance, is discretionary and such relief does not follow as a matter of right. It will not be granted where to do so would be inequitable. 43 C.J.S., Injunctions, § 87 b (4) (a) pp. 583, 584. Thus, even if we should assume that plaintiffs, though not averred or relied upon, own real estate in the vicinity of or contiguous to the real estate in question or might have some other interest in some estate that could be adversely affected by the establishment of a different school on the premises or by the sale or lease of the premises for some lawful purpose other than the operation of a school we have no hesitation in holding that it would be inequitable to enforce a restriction like the one in question, which, even under any construction of it, had been rigidly observed for at least 106 years. This restriction was not expressly limited as to time, and taking into account its nature, it has endured beyond a reasonable time. It has been said that where "the time during which a restrictive covenant is to endure has not been expressly limited by the parties, it should be implied that some limitation was intended and that it was such as the nature of the case would indicate as

reasonable." Gardner v. Maffitt, 335 Mo. 959, 74 S.W.2d 604, 607 [4–6].

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.