Glen L. DeHART, Respondent,

v.

The RITENOUR CONSOLIDATED
SCHOOL DISTRICT, Appellant.

Nos. 46824, 46828.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 29, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Jan. 12, 1984.

Application to Transfer Denied
Feb. 15, 1984.

Kohn, Shands, Elbert, Gianoulakis & Giljum, John Gianoulakis, John A. Klobasa, St. Louis, for appellant.

Schoenbeck, Tucker & Schoenbeck, Stephen M. Schoenbeck, St. Louis, for respondent.

CRIST, Presiding Judge.

In 1944, Jennie DeHart, Cass DeHart, his wife Ella, and Fannie DeHart Cramer conveyed to defendant, The Ritenour Consolidated School District (Ritenour) and its successors, two tracts of land. The three deeds contained the following typewritten provisions appearing after the description of the property:

This property is sold to the Ritenour Consolidated School District under the following conditions.

1. That property shall be used for Public School Building or Buildings for white children.

2. That the school shall be called the "LEWIS DeHART SCHOOL".

3. That if property is not used for school buildings or school purposes, or if at any future time the name should be changed, then said property shall revert to the above grantor or her heirs.[1]

Ritenour erected a building on the property, named it the "Lewis DeHart School" and conducted elementary school classes there from 1945 until 1981. Based on declining district enrollment, Ritenour decided to close two elementary schools, one being the "Lewis DeHart School." Plaintiff, as sole heir of the original grantors, brought an action to quiet title in himself as owner of the property in fee simple absolute. Ritenour counterclaimed, arguing fee simple absolute had vested in it. The trial court found Ritenour possessed the property in fee simple subject to a condition subsequent and as of the time of trial the limiting event giving rise to a power of termination

had not yet occurred. Both sides appeal. We affirm as modified.

Ritenour contends the language of the deeds lacks appropriate words of limitation to effect a condition subsequent. Further, Ritenour claims the failure to express a right of re-entry upon condition broken, more correctly denominated a power of termination, on behalf of the grantors and their heirs renders the trial court's construction of the deeds incorrect as a matter of law.

 A grantor's intent to possess the power to terminate the estate conveyed upon the occurrence of a stated event may be expressed by any appropriate words provided:

1. such words show that this type of forfeitable estate was definitely contemplated by the parties to the conveyance; or

2. such words are reasonably susceptible of the interpretation that this type of forfeitable estate was contemplated by the parties to the conveyance, and there is no clear likelihood of a miscarriage of justice as between the persons having interests in the affected land, by so construing the limitation.

Restatement (First) of the Law of Property, § 45, comment *i* (1936) (hereinafter Restatement). Words of limitation normally associated with the creation of a condition subsequent include the following: "upon condition that"; "upon express condition that"; "provided that"; "but if"; "if it happens that" or a phrase of like import. C. Moynihan, Introduction of the Law of Real Property, p. 99 (1962); Restatement, § 45, comment *j*.

 More specifically, Restatement, § 45, comment *m,* concerns the constructional difficulty associated with the present deeds:

When an otherwise effective conveyance contains a clause which provides

---

1. The deeds from Cass and Ella DeHart and Fannie Cramer stated the conveyances were made "subject to the following conditions and restrictions" and recited in paragraph one "for white children only."

that "if," or "upon condition that," or "provided that" a stated event occurs, then the estate created "shall be null and void" or "shall revert back," a problem in construction is presented as to whether such conveyance creates an estate in fee simple subject to a condition subsequent or an estate in fee simple determinable. Such a conveyance more commonly manifests an intent to create an estate in fee simple subject to a condition subsequent. Factors used in determining the intent of the grantors based on the language of the conveyance include: differences in the wording of various parts of the instrument; the nature of the limiting event and its importance to the grantor; and the amount of consideration paid for the property. Restatement, § 45, comment p.

Although the three deeds recite the property is conveyed "under" or "subject to" the conditions listed in paragraphs 1–3, only the provisions contained in paragraph 3 detail the consequences of a breach. See Restatement, § 45, *Illustration* 13. This difference in language indicates an intent that only the occurrence of the events specified in paragraph 3 should affect title to the property.

■ The events specified in paragraph 3 are expressed in conditional rather than durational language. The conveyances were not for so long as the property was used for school purposes and named accordingly and no longer; on the contrary, the wording indicates the grantors' intent to compel Ritenour's compliance with the stated conditions by penalty of forfeiture. See *School District No. 6 v. Russell,* 156 Colo. 75, 396 P.2d 929 (1964). The provisions of paragraph 3, of obvious importance to the DeHart family, when coupled with the penalty of forfeiture, provide convincing evidence the grantors intended the events in paragraph 3 to be conditions subsequent rather than fee simple determinables or convenants.

The record reflects Ritenour paid $2600.00 to Jennie, Cass and Ella DeHart for their respective properties. Fannie Cramer conveyed her property to Ritenour in consideration "that the following property will be used for school purposes and to be named 'Lewis DeHart School' as hereinafter set forth and the further consideration of $1.00 . . . ." There is no evidence, however, of the land's value when conveyed and we may not take judicial notice of any particular value except the fact more than purely nominal consideration was paid. *Duncan v. Academy of the Sisters of the Sacred Heart,* 350 S.W.2d 814, 818 (Mo. 1961).

While admonishing stricter observance of more traditional words of limitation should be utilized in drafting conveyances, we find the trial court did not err in the present case in construing the deeds to sufficiently manifest the grantor's intent to create a fee simple subject to a condition subsequent. Given this intention, the absence of a specific reservation of a power to terminate does not defeat the estate created because the grantors provided for a forfeiture from which the power to terminate may be implied. *Duncan,* 350 S.W.2d at 818–19; *Chouteau v. City of St. Louis,* 331 Mo. 781, 55 S.W.2d 299, 302 (1932); *Catron v. Scarritt Collegiate Institute,* 264 Mo. 713, 175 S.W. 571, 572 (Mo.1915).

Ritenour urges that even if the deeds do create a fee simple subject to a condition subsequent, Ritenour has "substantially complied" with the conditions and should now possess the property in fee simple absolute. The first part of its argument relies, erroneously, on grants of fee simple determinables employing durational rather than conditional language. In each case, the courts concluded the terminating event had not yet occurred. In none of these cases did the court hold the school district received a fee simple absolute by reason of "substantial compliance." *Board v. Nevada School District,* 363 Mo. 328, 251 S.W.2d 20 (1952); *Tillman v. Melton,* 350 Mo. 155, 165 S.W.2d 684 (1942); *School District No. 24 v. Mease,* 205 S.W.2d 146 (Mo.App.1947); *Harris v. Consolidated School District No. 8C,* 328 S.W.2d 646 (Mo. banc 1959) and cases collected therein.

A second group of cases concerns purported conditions subsequent which, when strictly construed, expired by their own terms, thereby vesting fee simple absolute in the grantee. *Mead v. Ballard,* 7 Wall. (74 U.S.) 209, 19 L.Ed. 190 (1869); *Texas and Pacific Ry. Co. v. City of Marshall,* 136 U.S. 393, 10 S.Ct. 846, 34 L.Ed. 385 (1890); *Board of Commissioners of Oklahoma County v. Russell,* 174 F.2d 778 (10th Cir.), *cert. denied,* 338 U.S. 820, 70 S.Ct. 64, 94 L.Ed. 498 (1949); *Miller v. Atchison, Topeka & Santa Fe Ry. Co.,* 325 F.Supp. 604 (E.D.Mo.1971). These cases construed terms such as "permanently locate," "permanently establish," "permanently maintain," and "erect and maintain" to be fully satisfied when the specified structures and purposes were established in a permanent form; therefore the terms did not require perpetual use of the buildings for the stated purposes. The deeds in the present case do not contain similar language and cannot be so construed. The conditions are stated in the negative rather than the positive. They clearly call for a power of termination if the property is not used in the manner specified.

In another group of cases, due to a lack of a reserved power of termination, the conveyances were held not to create conditions subsequent and therefore do not aid Ritenour's case. *Bagby v. Missouri—Kansas—Texas R. Co.,* 351 Mo. 79, 171 S.W.2d 673 (1943); *Duncan v. Academy of the Sisters of the Sacred Heart, supra; Chouteau v. City of St. Louis, supra; Robb v. Atlantic Coast Line R.R. Co.,* 154 So.2d 871 (Fla.App. 1963); *Higbee v. Rodeman,* 129 Ind. 244, 28 N.E. 442 (1891); *Brooks v. Kimball County,* 127 Neb. 645, 256 N.W. 501 (1934). In two other cases cited, the attempted "conditions" were held to be covenants because they expressed only the purpose for which the property was conveyed. *Hasman v. Elk Grove Union High School,* 76 Cal.App. 629, 245 P. 464 (1926); *Maddox v. Adair,* 66 S.W. 811 (Tex.App.1901); *Fuchs v. Reorganized School District No. 2, Gasconade County,* 251 S.W.2d 677 (Mo.1952).

In *Independent Congregational Society v. Davenport,* 381 A.2d 1137 (Me.1978), the deed recited the conveyance was void if the land "shall cease to be used, occupied and improved ... as a place of public religious meetings ...." The court found the church acquired fee simple absolute by reason of over 100 years of continuous compliance with the condition, citing the doctrine of "substantial compliance." A closer review of the case, however, indicates the grantor's intention could not be fulfilled due to an unanticipated change of circumstances. In the present case the grantors provided for changed circumstances, such as a permanent abandonment of the property for school purposes, by reserving an implied power of termination upon the stated event. Therefore, we find the trial court did not err in rejecting Ritenour's claim that it owned the property in fee simple absolute.

■ A temporary cessation of classes does not mean the property is no longer being used for school purposes. *Board v. Nevada School District,* 251 S.W.2d at 25. The use of the school for storage and the possibility of renewed use for classes does not amount to an abandonment of the property for school purposes. *Harris v. Consolidated School District No. 8C,* 328 S.W.2d 646, 651 (Mo. banc 1959). Therefore, the trial court correctly ruled the condition subsequent had not occurred as of the time of trial.

■ DeHart contends the trial court exceeded its jurisdiction in this quiet title action by suggesting various possible future uses Ritenour may make of the property consistent with "school purposes." We agree. After finding the condition subsequent had not as yet occurred and rejecting Ritenour's argument of "substantial compliance," all rights, claims, and interests of the parties were settled. See § 527.150(2) RSMo 1978. The record does not show Ritenour had an immediate plan to change its use of the property other than to reopen classes. The parties did not request a declaration of what uses would be compatible with the condition of "school purposes." Even if they had, courts will not give advice concerning the rights and duties of parties

absent a sufficient factual record. *Commonwealth Insurance Agency, Inc. v. Arnold,* 389 S.W.2d 803, 806 (Mo.1965). The portion of the trial court's judgment adjudicating hypothetical situations which may never come to pass is reversed. In all other respects the judgment is affirmed.

Affirmed as modified.

PUDLOWSKI and SIMON, JJ., concur.